87 N.J. Super. 146 (1965)
208 A.2d 416
HOUSING AUTHORITY OF THE CITY OF JERSEY CITY, ETC., APPELLANT,
v.
DEPARTMENT OF CIVIL SERVICE OF THE STATE OF NEW JERSEY, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued March 1, 1965.
Decided March 18, 1965.
*147 Before Judges GOLDMANN, SULLIVAN and LABRECQUE.
Mr. Harry Indursky argued the cause for appellant.
Mrs. Marilyn H. Loftus Schauer, Deputy Attorney General, argued the cause for respondent (Mr. Arthur J. Sills, Attorney General of New Jersey, attorney; Mr. Larry F. Lefkowitz, Deputy Attorney General, on the brief).
The opinion of the court was delivered by SULLIVAN, J.A.D.
The Housing Authority of the City of Jersey City (Housing Authority) appeals from the disapproval by the Department of Civil Service of the State of New Jersey (Department) of the pay of certain temporary Housing Authority employees for the payroll period ending May 8, 1964.
The facts are undisputed and are as follows: On March 3, 1964, the Housing Authority had in its employ five maintenance repairmen who were temporary employees without permanent status. On that date the Department certified the names of Reynold Hussey and Nicholas Palladino to the Housing Authority for the position of maintenance repairmen. The certification was made from a special re-employment list consisting of former permanent employees of the City of Jersey City who had been laid off from employment.
The Housing Authority refused to appoint the persons certified to it by the Department from the above-mentioned special reemployment list although notified by the Department that refusal to appoint would result in disapproval of the pay *148 of the temporary maintenance repairmen on its payroll. By letter of May 18, 1964, the Housing Authority was notified that the pay of the temporary maintenance repairmen was disapproved. The present appeal is from such disapproval.
Briefly put, the issue is whether permanent employees of the City of Jersey City who have been laid off from their positions have re-employment rights to similar positions in the Housing Authority now held by temporary employees without permanent status.
The position of the Housing Authority is that a laid-off municipal employee has no such right; that the Housing Authority is an autonomous body distinct from the municipality which created it, and that the Department must maintain separate and distinct reemployment lists for the Housing Authority and the municipality.
We conclude that the maintenance of a common re-employment list for employees of a municipality and employees of the Housing Authority of that municipality was lawful.
Under N.J.S.A. 55:14A-6.1 and 6.2 employees of municipal housing authorities are employed and hold their respective employments within and as part of the classified service and subject to the provisions of subtitle 3 of Title 11, Civil Service.
We are here concerned with the following provisions of that subtitle, dealing with re-employment lists.
N.J.S.A. 11:22-10.1:
"When an employee of a county, municipality, or a school district of this State, or any other agency operating under the provisions of subtitle three, of Title 11 of the Revised Statutes, holding an office or position in the classified service who has been heretofore or is hereafter separated from such service because of economy or otherwise, and not because of any delinquency or misconduct on his part, or whose position or office has been or shall hereafter be abolished, such employee shall, whenever possible, be demoted to some lesser office or position, in such school district or agency or in the same department or organization unit of such county or municipality, in the regular order of demotion and according to efficiency records and/or seniority, and placed therein with the salary or pay attached; and his name shall be placed upon a special re-employment list, which *149 list shall take precedence over all other civil service lists. The chief examiner and secretary, with the approval of the president of the Civil Service Commission, shall determine the lesser office or position to which such employee may be demoted."
N.J.S.A. 11:22-10.2:
"Such person shall be entitled to reinstatement at any time thereafter in the same or any comparable office or position of the same nature as that from which he was separated as soon as the opportunity arises. When an office or position, of a character the same or comparable to that previously held by such person is to be filled, his name shall be certified from the special re-employment list for appointment."
It is to be noted that under N.J.S.A. 11:22-10.1 the lesser office to which an employee may be demoted must be in the same agency, department or organization unit. However, re-employment rights are not so limited. N.J.S.A. 11:22-10.2 provides for re-employment "in the same or any comparable office or position * * *."
The Housing Authority argues that the statutory limitation on demotional rights extends to re-employment rights. However, if the right of re-employment were limited to the same agency, department or organization unit, such right would be rendered illusory since, for practical purposes, it would be available only if the former position were re-established, or in the event of a subsequent vacancy.
It has been the practice of the Department to certify employees from a municipal re-employment list to a municipal housing authority. This practical construction of the statute by the Department over a period of years without interference by the Legislature is evidence of its conformity with the legislative intent and strongly inclines the courts to concurrence therein. Walsh v. Department of Civil Service, 32 N.J. Super. 39, 48 (App. Div. 1954).
Also, since at least 1954 the Department has utilized common employment lists for positions with a municipality and its housing authority, all without any objection by appellant herein. We see no practical difference between this and a *150 common re-employment list. The fact that a re-employment list takes precedence over all other civil service lists will not unduly limit the Housing Authority in filling positions of employment.
The use of a common list can be justified on grounds of practicality. It avoids a great multitude of separate lists which would inevitably result if appellant's argument herein were valid. Also, it provides for a more flexible application of the policy of re-employment and provides wider employee protection.
There is no doubt but that for certain purposes a housing authority is to be considered an entity separate and distinct from the municipality creating it. N.J.S.A. 55:14A-4 and 6. See Tumulty v. Jersey City, 57 N.J. Super. 503 (App. Div. 1959). This concept, however, does not extend to the utilization of a common re-employment list pursuant to N.J.S.A. 11:22-10.1 and 11:22-10.2.
The Department is vested with broad supervisory and administrative powers. Its maintenance of a common re-employment list for employees of a municipality and employees of the housing authority of the same municipality has not been shown to be illegal.
Affirmed.