124 N.J. Super. 55 (1973)
304 A.2d 750
MAL BROTHERS CONTRACTING COMPANY, PETITIONER-APPELLANT,
v.
DIRECTOR, DIVISION OF TAXATION, DEPARTMENT OF THE TREASURY, STATE OF NEW JERSEY, RESPONDENT-APPELLEE.
Superior Court of New Jersey, Appellate Division.
Argued April 3, 1973.
Decided May 11, 1973.
*57 Before Judges KOLOVSKY, MATTHEWS and CRAHAY.
Mr. David A. Biederman argued the cause for appellant (Messrs. Biederman and Mulligan, attorneys).
Mr. Herbert K. Glickman, Deputy Attorney General, argued the cause for respondent (Mr. George F. Kugler, Jr., Attorney General of New Jersey, attorney).
Messrs. Hughes, McElroy, Connell, Foley & Geiser filed a brief amicus curiae on behalf of New Jersey Heavy, Highway and Construction Industry Advancement Fund (Mr. Theodore W. Geiser, of counsel and on the brief).
The opinion of the court was delivered by KOLOVSKY, P.J.A.D.
Petitioner appeals from a judgment of the Division of Tax Appeals which affirmed the determination of the Sales Tax Bureau of the Division of Taxation that petitioner was obligated, under the provisions of the Sales and Use Tax Act, L. 1966, c. 30; N.J.S.A. 54:32B-1 et seq. (the act), to pay, for the period from July 1, 1966 to December 31, 1968, sales taxes totalling $27,589.45 (besides penalties and interest) on rentals it had paid for leased road building equipment.
The essential facts are undisputed.
Subsequent to the effective date of the act, July 1, 1966, petitioner, a road building contractor, had entered into a contract with the Port of New York Authority for the construction of a highway in the "Port of New Jersey." It leased from "Furnival," a Pennsylvania company, equipment used "for the purpose of moving sand." The leased *58 equipment, which petitioner used only in performance of the Port Authority contract, was operated by persons employed by it.
Petitioner's primary contention is that the rentals paid by it for construction equipment used in performance of its contract with the Port Authority are exempted from taxation by the provisions of section 8(w), N.J.S.A. 54:32B-8(w), a paragraph added to the original act, prior to its effective date, by L. 1966, c. 53. In addition, it contends that "a lease of construction `equipment' is not a `retail sale' within the ambit of N.J.S.A. 54:32B-2 and is therefore not taxable under the provisions of N.J.S.A. 54:32B-3." We shall consider the contentions in reverse order.
The act, insofar as here pertinent, imposes a tax at specified rates upon "the receipts from every retail sale of tangible personal property, except as otherwise provided in this act." N.J.S.A. 54:32B-3(a).
The words used in the quoted clause are defined in N.J.S.A. 54:32B-2 which provides:
Unless the context in which they occur requires otherwise, the following terms when used in this act shall mean:
[For purposes of clarity, we deviate from the sequence of definitions appearing in the section.]

* * * * * * * *
(g) Tangible personal property. Corporeal personal property of any nature.
(f) Sale, selling or purchase. Any transfer of title or possession or both, exchange or barter, rental, lease or license to use or consume, conditional or otherwise, in any manner or by any means whatsoever for a consideration, or any agreement therefor, including the rendering of any service, taxable under this act, for a consideration or any agreement therefor. [Emphasis added]
(e) Retail sale. (1) A sale of tangible personal property to any person for any purpose, other than (A) for resale either as such or as converted into or as a component part of a product produced for sale by the purchaser, or (B) for use by that person in performing the services subject to tax under subsection (b) of section 3 [N.J.S.A. 54:32B-3] where the property so sold becomes a physical component part of the property upon which the services are performed or where the property so sold is later actually transferred to the purchaser of the service in conjunction with the performance of the *59 service subject to tax. For the purposes of this act, sales of tangible personal property to all contractors, subcontractors or repairmen of materials and supplies for use by them in erecting structures for others, or building on, or otherwise improving, altering or repairing real property of others are deemed to be retail sales.
(2) The term retail sales does not include:
[The exclusions are not pertinent to this case.]
(d) Receipt. The amount of the sales price of any property and the charge for any service taxable under this act, valued in money, whether received in money or otherwise * * *.
It is immediately evident that there is no substance to petitioner's contention that "a lease of construction `equipment' is not a `retail sale' within the ambit of N.J.S.A. 54:32B-2."
Construction equipment is "corporeal personal property" and hence is to be deemed "tanglible personal property" within the meaning of the act. By the express provisions of paragraph (f), the rental or lease of such tangible personal property is a "sale." Further, since the transaction did not fall within any of the exclusions listed in paragraph (e) from the statutory definition of "retail sale"  "a sale of tangible personal property to any person for any purpose"  the lease transaction here involved constituted a "retail sale."
The receipts therefrom, the rental paid, were therefore taxable under N.J.S.A. 54:32B-3 unless, as petitioner also contends, the receipts were exempted from taxation by N.J.S.A. 54:32B-8(w) which reads as follows:
(w) Sales made to contractors, subcontractors or repairmen of materials, supplies or services for exclusive use in erecting structures, or building on, or otherwise improving, altering or repairing real property of organizations described in subsections (a) and (b) of section 9 of this act, provided any person seeking to qualify for this exemption shall do so pursuant to such rules and regulations and upon such forms as shall be prescribed by the director.
The Port of New York Authority is one of the organizations referred to in section 9(a) of the act (N.J.S.A. 54:32B-9).
*60 The Sales Tax Bureau, in rejecting petitioner's claim to an exemption, followed regulations which had theretofore been adopted by the Director of the Division of Taxation "to clarify the application of the Sales and Use Tax Act * * * to the building and construction trade and related activities." See N.J.A.C. 18:24-5.1 et seq.
Pertinent are the following definitions set forth in N.J.A.C. 18:24-5.2:
"Construction equipment" means any vehicle, machine, tool, implement or other device used by a contractor in erecting structures for others, or building on, or otherwise improving, altering, or repairing property of others, which does not become a physical component part of the property upon which work is performed, and which is not necessarily consumed in the performance of such work. Construction equipment includes, but is not limited to, grading, lifting and excavating vehicles, compressors, scaffolds, forms, hand tools and ladders.
"Construction materials" means items of tangible personal property purchased by a contractor for incorporation into property as a physical component part of such property.
"Construction supplies" means items of tangible personal property consumed in the fulfillment of a construction contract, which items do not become a physical component part of the property upon which work is performed. Supplies include, but are not limited to lubricants, cleaning compounds, polyethylene covers, rock salt and rope.
Further, N.J.A.C. 18:24-5.4 reads as follows:
The purchase, rental or use of equipment by a contractor is subject to tax, whether or not the equipment is purchased, rented or used in fulfillment of a contract with an exempt organization.
Petitioner contends that the regulations constitute an impermissible dilution of the exemption granted by N.J.S.A. 54:32B-8(w). It argued before the Division of Tax Appeals, and argues to us, that since it used the leased construction equipment exclusively in the performance of its road construction contract with the Port Authority, the lease constituted an exempt sale under the express language of the statutory section exempting sales to contractors of *61 "materials, supplies or services for exclusive use in * * * improving [or] altering real property."
We are satisfied, however, as was the Division of Tax Appeals, that the construction equipment here involved is not embraced within the reference in N.J.S.A. 54:32B-8(w) to "materials, supplies or services" and hence that the transaction does not qualify for the exemption claimed.
Statutes granting exemption from taxation "are most strongly construed against those claiming exemption." Bloomfield v. Academy of Medicine of N.J., 47 N.J. 358, 363 (1966). Further, it is evident that the Legislature did not intend to exempt all tangible personal property sold to contractors for exclusive use in improving, altering or repairing real property owned by exempt organizations. It chose to exempt only a limited class of such tangible personal property, "materials and supplies."
We are not persuaded by petitioner's assertion that the word "materials" used in paragraph (w) was intended to encompass construction equipment. When the Legislature intended to exempt sales of equipment, it expressly referred to "equipment." See N.J.S.A. 54:32B-8(m)(1) (deleted by L. 1970, c. 7) and N.J.S.A. 54:32B-8(m)(2). Cf. Oldfield v. New Jersey Realty Co., 1 N.J. 63, 69 (1948).
Moreover, even if the construction equipment here involved were to be deemed "materials," it would not qualify for the exemption claimed. The exemption provision requires that the materials purchased or leased be "for exclusive use in erecting structures or building on, or otherwise improving, altering or repairing real property" of exempt organizations. The reference to "exclusive use" relates to the use and disposition to be made of the materials and not to the identity of the seller or purchaser or the particular form of contractual arrangement, be it sale or lease, by which the user acquired possession thereof.
Materials and supplies to be incorporated in the structure or consumed in the course of construction are for "exclusive use" in such construction. On the other hand, if the *62 materials or supplies will be still available for use after the construction for the exempt organization is completed, they do not qualify as materials and supplies for exclusive use in the construction for the exempt organization.
Here, once the contract with the Port Authority was completed, the equipment was available for use, as it had been prior thereto, for the purpose of moving sand on other construction contracts. It matters not that petitioner, instead of purchasing sand moving equipment which would remain available for use on other construction contracts after the Port Authority contract was completed  and hence would not qualify for exemption  elected instead to lease the equipment for a limited period, the duration of the Port Authority contract.
As far as liability for a sales and use tax is concerned, the only difference between a sales and a lease transaction relates to the amount of tax payable. Had the equipment been purchased, the sales and use tax payable would have been a percentage of the full purchase price instead of a percentage of the rental paid for the limited period.
The judgment of the Division of Tax Appeals is affirmed.