127 N.J. Super. 413 (1974)
317 A.2d 734
AUTOMATIC MERCHANDISING COUNCIL OF NEW JERSEY, PETITIONER-APPELLANT,
v.
SIDNEY GLASER, DIRECTOR, DIVISION OF TAXATION OF NEW JERSEY, RESPONDENT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued March 11, 1974.
Decided March 27, 1974.
*416 Before Judges COLLESTER, LYNCH and MICHELS.
Mr. David J. Connolly, Jr. argued for appellant (Messrs. Schenck, Price, Smith & King, attorneys; Mr. Michael S. Bubb, on the briefs).
Mr. Richard M. Conley, Deputy Attorney General, argued for respondent (Mr. William F. Hyland, Attorney General, attorney; Mr. Herbert K. Glickman, Deputy Attorney General, of counsel).
The opinion of the court was delivered by LYNCH, J.A.D.
Plaintiff, representative of approximately 160 automatic vending machine operators in New Jersey, appeals from a decision of the Division of Tax Appeals which upheld the validity of Rule 4 adopted by the Acting Director, Division of Taxation, purportedly pursuant to his authority to adopt regulations "appropriate to the carrying out" of the purposes of the Sales and Use Tax Act.[1]N.J.S.A. 54: 32B-24. Rule 4, later codified as N.J.A.C. 18:24-16.7(b), reads as follows:
(b) There is no exemption for items subject to tax pursuant to subsection 3(c)[2], such as carbonated beverages, hot drinks, sandwiches and other prepared foods.
The effect of the adoption of Rule 4 was to make taxable  for the first time since the enactment of the Sales Tax Act in 1966  all sales at $0.10 or less of "prepared foods" (as understood by the Director) from coin-operated vending machines.
*417 For the period of four years prior to the adoption of Rule 4 the Director had held that such sales were exempt under N.J.S.A. 54:32B-8(i).[3] That section grants exemption to:
(i) Tangible personal property sold through coin-operated vending machines at $0.10 or less provided the retailer is primarily engaged in making such sales[4] and maintains records satisfactory to the director.
The reasoning projected by the Director in defense of his adoption of Rule 4 is that the exemption granted in subsection 8(i) applies only to items taxable under subsection 3(a) and that "prepared foods" (such as "carbonated beverages, hot drinks, sandwiches and other prepared foods," mentioned in Rule 4), are taxable under subsection 3(c) and not subsection 3(a), as they had theretofore been considered to be. Subsection 3(c) makes taxable:
(c) Receipts from the sale of food and drink * * * in or by restaurants, taverns or other establishments in this State, or by caterers, including in the amount of such receipts any cover, minimum, entertainment or other charge made to patrons or customers:
(1) in all instances where the sale is for consumption on the premises where sold;
* * * * * * * *
(3) In those instances where the sale is for consumption off the premises of the vendor, and consists of a meal, or food prepared and ready to be eaten, of a kind obtainable in restaurants as the main course of a meal, including a sandwich, except where food other than sandwiches is sold in an unheated state and is of a type commonly sold in the same form and condition in food stores other than those which are principally engaged in selling prepared foods.
The Director justifies bringing vending machine sales of "prepared foods" within Section 3 by equating them to "food," as his brief states:
*418 * * * the category of foods "sold for immediate consumption" on the premises of a restaurant or other establishment, or the category of prepared foods, ready to be eaten, "sold for immediate consumption" off the premises. Consequently, the only sales of food items for 10¢ or less made through vending machines which are deemed to be taxable are such things as coffee, hot soup in a cup and carbonated beverages in a cup, all of which are equivalent to prepared foods, ready to be eaten, sold by restaurants and other establishments for immediate consumption on or off the premises.[5]
We reject the Director's reasoning. It is not justified by the statute and amounts to an impermissible amendment thereof by regulation.
It is apparent that the foundation of the Director's reasoning is that the sale of the foods described in Rule 4 comes within the provisions of subsection 3(c). By no proper construction of the statute can it be so held. Subsection 3(c) makes taxable sale of food or drink in or by "restaurants, taverns or other establishments in this State, or by caterers * * *," etc. The Director would bring automatic vending machines within the meaning of "other establishments" therein contained. But by reason of the rule of ejusdem generis[6] that phrase must be construed as referring to "restaurants, taverns" or "other [similar] establishments." By no stretching of the language can an automatic vending machine be said to be an establishment similar to a restaurant or tavern. Nor, of course can such machine be deemed to refer to "caterers," also mentioned in subsection 3(c). Likewise the rule of noscitur a sociis[7] would repudiate the Director's construction, for the subsection applies to an establishment where conceivably there might be a "cover, minimum, *419 entertainment" charge made to patrons or customers. Hardly at an automatic vending machine!
Furthermore, even if we were to bypass the foregoing rules of construction, sales through coin-operated vending machines are not encompassed within any of the paragraphs of subsection (c). Paragraph (1) refers to sales for consumption on the premises where sold. The term "the premises where sold" must logically refer to the preceding term "the sale of food and drink * * * in or by restaurants, taverns or other establishments," and thus to the establishment which sells the food or drink. Here this would have to refer to the vending machine itself, and not to the premises owned by others upon which the vending machine is situated. Again, such sales cannot be considered to be "for consumption on the premises."
Paragraph (2) of subsection (c), which refers to sales where the vendor after delivery of the food or drink "for consumption off the premises" serves or assists in serving, obviously refers to catering situations.
Finally, paragraph (3) of subsection (c), upon which the Director strongly relies, refers to sales "for consumption off the premises" where the sale "consists of a meal, or food prepared and ready to be eaten, of a kind obtainable in restaurants as the main course of a meal, including a sandwich, except where food other than sandwiches is sold in an unheated state and is of a type commonly sold in the same form and condition in food stores other than those which are principally engaged in selling prepared foods." (Emphasis added). The items in question under Rule 4, mainly coffee and soda, are not "of a kind obtainable in restaurants as the main course of a meal," nor are they "of a type commonly sold in the same form and condition in food stores. * * *" (obviously referring to grocery stores or supermarkets).
Therefore, the foods described in Rule 4 cannot be brought within subsection 3(c) and the foundation of the Director's reasoning crumbles.
*420 Thus we come back to the plain language in the statute (subsection 8 (i)) which grants exemption from taxation to: "(i) Tangible personal property sold through coin-operated vending machines at $0.10 or less," with the proviso that that the retailer be primarily engaged in such business and must maintain proper records.
Are, then, the foods described in Rule 4 "tangible personal property"? The Director's counsel conceded, as he must, that they are. "Tangible personal property" is defined in the statute as "Corporeal personal property of any nature." (Emphasis added). N.J.S.A. 54:32B-2(g). Clearly, the foods mentioned in Rule 4 are within that definition. It follows that the exemption in subsection 8(i), by its very terms, applies to them. An administrative interpretation which is inconsistent with the language of a statute will be disregarded. Kingsley v. Hawthorne Fabrics, Inc., 41 N.J. 521, 528-529 (1964).
In addition, there is a well accepted principle that the practical administrative construction of a statute over a period of years without interference by the Legislature is evidence of its conformity with the legislative intent and should be given great weight by the courts. Housing Auth. of Jersey City v. Dept. of Civil Service, 87 N.J. Super. 146, 149 (App. Div. 1965). Here, it has been stipulated by the parties that the exemption afforded by subsection 8, subsection (i) was interpreted from its effective date of July 1966 until July 1970 by the Director to include sales of food and drink through automatic vending machines. During such time period the section was amended without any change in the exemption granted to such sales, thus giving further support to the conclusion that the Legislature intended that the exemption in subsection 8(i) include all sales through coin-operated vending machines at $0.10 or less.
Rule 4 is invalid. The judgment of the Division of Tax Appeals is reversed.
NOTES
[1] Hereinafter "Sales Tax Act."
[2] N.J.S.A. 54:32B-3(c).
[3] References hereinafter will be solely to the "sections" and "subsections" of N.J.S.A. 54:32B-1 et seq.
[4] This proviso had been deemed satisfied if at least 50% of the taxpayer's business was derived from coin-operated sales. N.J.A.C. 18:24-17.2. No distinction had been made as to the type of sale.
[5] Apparent reference to subsection 3(c).
[6] Cf. Salomon v. Jersey City, 12 N.J. 379 (1953); Transcontinental Gas Pipe Line Corp. v. Dept. of Conservation, etc., 43 N.J. 135 (1964).
[7] Cf. Ford Motor Co. v. N.J. Dept. of Labor & Industry, 5 N.J. 494, 502 (1950).