ANDREW, J.T.C.
Plaintiff, Hospital Portrait Service Co. (HPS) contests a determination made by defendant, Director, Division of Taxation (Director) that plaintiff is liable under the Sales and Use Tax Act, N.J.S.A. 54:32B-1 et seq. (the act) for use tax on color photographic film purchased by plaintiff from Kodak. Defendant decided, after an audit of plaintiffs business for the period April 1, 1977 to March 31, 1980, that plaintiff had not paid use tax on its use of $189,737.30 of film, and ultimately assessed plaintiff as follows:
Tax underpayment $ 9,486.87
Interest 1,956.67
Total $11,443.54
Plaintiff challenges the entire deficiency, representing tax plus interest, and seeks a determination that its use of color photographic film is exempt from sales and use taxation.
Plaintiff is engaged in the business of taking, processing and selling photographs of newborn infants. After the pictures are taken at its facilities located in hospitals throughout the country, plaintiff collects the exposed film at its headquarters in Red Bank, New Jersey. The film is then sent to an independent contractor who develops it into negatives and then makes *308 photographic prints from those negatives. Both negatives and prints are then returned to plaintiff. The negatives are never sold or given to plaintiffs customers but are retained by plaintiff for three years and then destroyed. The prints are mailed from plaintiffs headquarters directly to customers.
Unexposed color photographic film consists of a sheet of flexible plastic coated with three layers of light-sensitive chemicals, known as emulsions, in a gelatin base. The purpose of the plastic is to provide a backing or carrier for the chemicals. Each emulsion is made up of a mixture of three chemicals. Unexposed color photographic paper is similar to film except that the plastic backing is replaced by a white opaque paper backing.
The processing of color film consists of two steps: the production of the color negative and the production of the color print. Color film processing comprises a series of four stages. First, the film is exposed to light through the use of a camera. Second, the film is treated with a chemical reducing agent known as a developer. Third, the film is treated with a chemical bleach. Fourth, the film is treated with a chemical “fixer” and then rinsed and dried. Various chemical reactions occur during all four of these steps. The result is a color negative.
Color print processing also consists of four stages. First the photographic paper is exposed to the color negative through the use of an enlarger which shines light through the negative onto the photographic paper. Steps two through four are similar to those used to process film outlined above. The result is a photographic print, which is the finished product.
Plaintiff argues that its purchases of color photographic film used in conjunction with its business are exempt from sales and use tax under N.J.S.A. 54:32B-8.20 (§ 8.20), -8.13 (a) (§ 8.13 (a)) or -11(4) (§ 11(4)). Defendant contends that plaintiff’s purchases are not exempt under § 8.20, § 8.13 (a), or § 11(4), and thus plaintiff is liable for sales and use tax. .
N.J.S.A. 54:32B-3(a) imposes a tax on receipts from the retail sale of tangible personal property unless otherwise specifically *309 exempted under N.J.S.A. 54:32B-8. Should a customer not pay sales tax to his seller, under N.J.S.A. 54:32B-14(b) that tax must be paid directly to the Director. Tangible personal property purchased at retail is subject to a compensating use tax under N.J.S.A. 54:32B-6(A) if it has not been or will not be subject to sales tax under the act. Therefore, plaintiff is liable for sales tax under N.J.S.A. 54:32B-14(b) or use tax under N.J.S.A. 54:32B-6(A), because it failed to pay sales tax to Kodak on the film when it was purchased, unless this court finds that receipts from sales of color photographic film are exempt under the act.
I

§ 8.20 (Chemicals and catalysts exemption)

Section 8.20 exempts from sales tax:
Receipts from sales of materials, such as chemicals and catalysts, used to induce or cause a refining or chemical process, where such materials are an integral or essential part of the processing operation, but do not become a component part of the finished product.
Six conditions must be met in order to obtain this exemption:
1. There must be a sale of materials such as chemicals and catalysts.
2. The materials must be used to induce or cause a refining or chemical process.
3. The materials must be an integral or essential part of the processing operation.
4. The materials must be used in a processing operation which results in a finished product.
5. The materials must not become a component part of the finished product.
6. The finished product must be tangible personal property.
Metpath v. Taxation Div. Director, 4 N.J.Tax 277, 280, 282-283 (Tax Ct.1982), aff’d o.b. per curiam, 5 N.J.Tax 477 (App.Div. 1983), aff’d 96 N.J. 147, 474 A.2d 1065 (1984).
The parties disagree in their interpretation of the meaning of requirements two and four. Plaintiff argues that, with regard to requirement two, the chemical process in this case is induced or caused by an interaction between the chemicals on the film itself and those used in the film processing operation and, with regard to requirement four, that the processing of color film *310 into negatives and negatives into prints is a single process which results in a finished product. Defendant responds, as to requirement two, that the color film itself does not induce or cause a chemical process since it is a passive agent which is acted upon by light and processing chemicals. With regard to requirement four, defendant asserts that the chemical processing operation which results in the finished product is the processing of the photographic paper into photographic prints, not the processing of the color film into color negatives for which plaintiff claims an exemption.
The second Metpath requirement turns on the meaning of the words “to induce or cause.” “Induce” means “to ... bring about.” Webster’s New Collegiate Dictionary (1979) at 583. “Cause” means “to [produce] an effect or a result.” Id. at 175. Thus, “to induce or cause” means to bring about or produce an effect or a result.
Neither the plastic backing and gelatin coating nor the reactants contained within the film in its exposed state bring about or produce a chemical result. As defendant correctly notes, it is only when the film is exposed to light and to the processing agents that the chemical reactions occur. Therefore, since the film itself does not “induce or cause a ... chemical process,” the second Metpath condition is not satisfied.
The origin of the fourth Metpath requirement may be found in Tuscan Dairy Farms, Inc. v. Taxation Div. Director, 4 N.J.Tax 92 (Tax 0.1982).
In Tuscan, plaintiff, a milk processor, used certain chemicals as part of its milk-processing operation, to clean and sanitize its milk lines, fillers and tanks to insure production of bacteria-free milk. This cleaning operation preceded plaintiff’s milk processing or pasteurizing operation. Plaintiff contended that the cleaning process was but one part of a single cycle or process which culminated in its finished product and that therefore its purchases of cleaning and sanitizing agents were exempt from *311 sales tax pursuant to § 8.20. The Tax Court disagreed and reasoned that:
... the processing operation dealt with in the statute is only that process which results in a finished product, in this case the various milk products of plaintiff. Plaintiffs cleaning and sanitizing operation is separate from the milk processing operation and does not produce a finished product... Even if the chemicals are used to induce or cause a refining or chemical process, as alleged by plaintiff, the refining or chemical process is part of the cleaning and sanitizing operation, not the milk processing operation. Since the chemicals are not used in the milk processing procedure that results in marketable milk products, their purchase does not fall within the sales tax exemption established by N.J.S.A. 54:32B-8.20. [Id. at 95; emphasis supplied; see Metpath, supra 4 N.J.Tax at 282]
Additional support for this conclusion may be found in Kalpin v. Taxation Div. Director, 5 N.J.Tax 172 (Tax Ct.1983). In Kalpin, taxpayer sought a sales tax refund on purchases of materials used to produce cores or molds suitable for iron castings, the castings being the finished product. Id. at 173. The Tax Court denied the refund since the materials were not used to induce or cause a refining or chemical process, and noted:
As defendant correctly points out, plaintiff does not contend that the process involving the making of the mold itself is a chemical process sufficient to satisfy the exemption requirements. As this court held in Tuscan Dairy Farms, Inc. v. Taxation Div. Director, 4 N.J.Tax 92 (Tax Ct.1982) a § 8.20 exemption is permissible only for materials used to induce or cause a chemical or refining process in the finished product. That process in not the making of the mold. [Id. at 179, n. 4]
The rationale employed in Tuscan Dairy and Kalpin leads to the conclusion that there are two separate and distinct pror cesses involved here. The processing of color film into color negatives is separate from the processing of color prints from color negatives, and does not produce a finished product. Even if the film itself is used to induce or cause a chemical process, that chemical process is part of the film processing operation, not the print processing operation. Therefore, since the film is not used in the print processing procedure which results in the finished print product, the fourth Metpath requirement is not met and plaintiffs purchases of film are not exempt from sales tax under § 8.20.
*312 II
§ 8.13 (a) (Machinery, apparatus or equipment exemption) Section 8.13 (a) exempts from tax:
Sales of machinery, apparatus or equipment for use or consumption directly and primarily in the production of tangible personal property by manufacturing, processing, assembling or refining.[1]
In connection with this statute, interpretative regulations were promulgated by the Director, Division of Taxation. Among these were:
N.J.A.C. 18:24-4.2. Definitions.
The following words and terms, when used in this subchapter, shall have the following meaning, unless the context clearly indicates otherwise:
“Machinery, apparatus, or equipment” means any complex, mechanical, electrical or electronic device, mechanism or instrument which is adapted to the accomplishment of a production process, and which is designed to be used, and is used, in manufacturing, converting, processing, fabricating, assembling, or refining tangible personal property for sale.
“Supplies” means items of tangible personal property used in the maintenance of a- building, work area, or machinery, apparatus, and equipment, and may include items of tangible personal property consumed or used in production whose use is incidental to such production. Supplies include, but are not limited to, such items as lubricants, cleaning materials, boiler compounds and light bulbs____
N.J.A.C. 18:24-4.3. Tax on Purchase or Use of Certain Items. — The purchase or use of the following items is subject to tax, unless otherwise specifically exempted, notwithstanding any use or intended use in production:
1. Supplies____
Since plaintiff has not challenged the validity of these regulations, the first question for resolution is whether photographic film qualifies for the exemption as “machinery, apparatus or equipment.”
*313 "Photography” is defined as “[t]he art or process of producing images on sensitized surfaces by the action of light....” Webster’s New International Dictionary (Unabridged, 2 ed. 1961) at 1847. “Film” is defined as “[a] thin, flexible, transparent sheet of cellulose nitrate or acetate or similar material coated with a light-sensitive emulsion, used for taking photographs----” Id. at 947. Thus, “photographic film” is a thin, flexible, transparent sheet of cellulose nitrate or acetate or similar material coated with a light-sensitive emulsion, used in the art or process of producing images on sensitized surfaces by the action of light. Since, as defendant maintains, film is by no stretch of the imagination a “complex, mechanical, electrical or electronic device, mechanism or instrument ... adopted to the accomplishment of a production process,” it cannot be considered “machinery, apparatus or equipment” for purposes of the § 8.13(a) exemption.
Plaintiff contends that “equipment” should be construed broadly and thus photographic film is “equipment” because it does not come within the Director’s definition of “supplies.” Plaintiff takes the position that film must either be “equipment” or “supplies” and since it is clearly not “supplies” it must be “equipment.”
Plaintiff is correct in its position that film is not “supplies” as defined by N.J.A.C. 18:24-4.2, since it is neither (1) used in the maintenance of a building, work area or machinery, apparatus and equipment nor (2) consumed or used in, but incidental to, production. Plaintiff’s argument that because film is not supplies it must be “equipment,” however, is specious. This broad construction of the word “equipment” suggested by plaintiff ignores the limit placed on that definition by N.J.A.C. 18:24-4.2, which provides that “[t]he following words and terms, when used in this subchapter, shall have the following meanings, unless the context clearly indicates .otherwise” and also contravenes the general rule that exemptions from taxation must be strictly construed against the claimant. Princeton Univ. Press v. Princeton, 35 N.J. 209, 214, 172 A.2d 420 (1963); Julius Roehrs Co. v. Tax Appeals Div., 16 N.J. 493, 497-498, 109 A.2d *314 611 (1954); Mal Bros. v. Taxation Div. Director, 124 N.J.Super. 55, 61, 304 A.2d 750 (App.Div.1973), certif. den. 63 N.J. 554, 310 A.2d 469 (1973); Container Ring v. Taxation Div. Director, 1 N.J.Tax 203 (Tax Ct.1980), aff’d o.b. 4 N.J.Tax 527 (App.Div.1981), certif. den. 87 N.J. 416, 434 A.2d 1090 (1981).
 Moreover, the act itself presumes taxability and places the burden of proving that a receipt from the sale of tangible personal property is not taxable upon the person required to collect the tax, or upon the customer. N.J.S.A. 54:32B-12(b); Spencer Gifts, Inc. v. Taxation Div. Director, 182. N.J.Super. 179, 3 N.J.Tax 482, 489, 440 A.2d 104 (Tax Ct.1981). It is axiomatic that in seeking the benefit of a tax exemption plaintiff has the burden of establishing that its claim fits clearly within a statutory exemption provision. Container Ring v. Taxation Div. Director, supra 1 N.J.Tax at 208. Plaintiff has failed to sustain its burden in this regard.
Having decided that photographic film is not machinery, apparatus, or equipment, it is unnecessary to address the parties additional arguments concerning this exemption provision. Plaintiff is not entitled to a sales and use tax exemption under § 8.13(a).
Ill
§ 11(4) (Conversion Exemption) *315 It appears that the word “or” in § 11(4) is used in the disjunctive rather than the conjunctive sense. Jenkins v. Taxation Div. Director, 184 N.J.Super. 402, 4 N.J.Tax 127, 134, 446 A.2d 217 (Tax Ct.1982); see generally H.W. Fowler, A Dictionary of Modern English Usage at 408-409, fl 4. In any event the parties have not disputed this construction. Therefore, since plaintiff conceded in its § 8.20 discussion that photographic film does not become a “component part” of the finished color prints, the issue, as defendant noted, which remains to be resolved becomes whether the film is “converted into ... a product produced for sale ... by the purchaser.”
*314 Section 11(4)[2] states:
The following uses of property shall not be subject to the compensating use tax imposed under this act:
(4) In respect to the use of property which is converted into or becomes a component part of a product produced for sale or for market sampling by the purchaser____
*315 Plaintiff argues that the § 11(4) exemption applies here because the film and the image exposed on it is “changed from one form into an equivalent of another form” when it becomes a finished print.[3] Defendant contends that the § 11(4) exemption does not apply in this situation because although the film is converted into negatives, these negatives are not changed themselves but are only used mechanically to make finished color prints.
The solution to this question turns on the meaning of the word “converted.” The verb “convert” has been defined as: “to alter the physical or chemical nature or properties of ... [or] to change from one form or function to another.” Webster’s New Collegiate Dictionary (1979) at 246. In other words, the film itself must be altered in its chemical nature or changed in form or function into the finished print. As defendant points out, direct application of photographic processing chemicals to its surface changes the form of the film into negatives. The negatives themselves are not “converted” into finished prints, however, because their form remains the same *316 before and after the prints are made. Therefore, because the film is not converted into the finished print, it is not exempt under § 11(4).
In sum, I find that plaintiff's purchases of photographic film are not exempt under § 8.20, § 8.13(a) or § 11(4) of the act.
The Clerk of the Tax Court is directed to enter judgment dismissing plaintiff’s complaint.

Both parties have cited Commonwealth v. Olan Mills, Inc., 456 Pa. 78, 317 A.2d 592 (Sup.Ct.1974) relative to the question of a § 8.13 (a) exemption. This case is of little, if any, persuasive weight in this matter because it involves the specific construction of a Pennsylvania exemption provision which is clearly broader in nature than § 8.13 (a).

Defendant argued that photographic film was not exempt under either the use tax provision (§ 11(4)) or the sales tax section (N.J.S.A. 54:32B-2(e)(1)(A)). It is unnecessary to consider the sales tax provision separately since the result would be identical to that reached under the parallel use tax section.

Plaintiff states that Webster’s defines "convert" as "to change (the security, currency, etc.) from one form into an equivalent of another form.” This appears to be the “financial” definition from Webster’s New International Dictionary, supra at 583, which reads as follows: “12. Finance. To change (one form of security, obligation, or the like) into an equivalent of a different nature." It is logical to assume that the Legislature did not intend this “financial” definition of "convert” to be used in the context of § 11(4).