KAHN, J.T.C.
Plaintiff contests the validity of assessments imposed by defendant pursuant to the Corporation Business Tax Act, N.J. S.A. 54:10A-1 et seq. Plaintiff contends that it is a financial business corporation and therefore entitled to deduct 100% of interest expenses relating to its indebtedness to an affiliated corporation in accordance with N.J.S.A. 54:10A-4(d) and -4(k)(2)(E)(iii). The Division of Taxation disagreed and imposed taxes, penalties and interest for plaintiff’s fiscal years ending June 30, 1978, 1979 and 1980 in the following amounts:
1978 1979 1980
Tax $ 26,527.00 $113,765.00 $ 98,481.00
Penalty 1,362.35 5,688.00 4,924.00
Interest (to October 18, 1982) 18,303.39 42,662.00 19,204,00
Total $ 46,156.74 $162,115.00 $122,609.00
*341 The parties have filed cross-motions for summary judgment. Certain facts, for the purpose of these motions, are undisputed. Plaintiff was formed in 1973 as a wholly-owned subsidiary of Suburban Savings and Loan Association to originate mortgages outside the State of New Jersey. It originates no mortgages on property located in New Jersey but does purchase mortgages and mortgage notes from its parent company on residential property located in New Jersey. It then services these mortgages and pools them in packages of one million dollars or more to sell to various federal agencies and other investors.
The Division of Taxation interprets N.J.S.A. 54:10A-4(k)(2)(E)(iii) as requiring that a corporation: (1) be a financial business, and (2) conduct its financial business in New Jersey as a prerequisite to receiving the deduction. It concedes that plaintiff is a financial business corporation but contends that since it originates no mortgages in New Jersey it is not conducting its financial business in this State.
Plaintiff argues that the statute does not require it to conduct its financial business in New Jersey. Since I agree with this statutory interpretation, I need not discuss plaintiffs other arguments.
Since this action is in the form of cross-motions for summary judgment, I must initially inquire as to whether there are sufficient facts upon which to decide the issue. Judson v. Peoples Bank and Trust Co., 17 N.J. 67, 110 A.2d 24 (1954). I find that the parties have stipulated to sufficient facts to dispose of this case in summary form.
The inquiry into the question of whether the statute requires plaintiff to conduct its financial business in New Jersey to qualify for the deduction must begin with an analysis of the legislative history of the relevant statutes.
Prior to 1975, a corporation was taxed under the Financial Business Tax Law only if it met both its coverage and definitional requirements. Corporations failing to fulfill the requirements of either section were governed by the Corporation Business Tax Act. The coverage section of the Financial Busi *342 ness Tax Law, N.J.S.A. 54:10B-3, included “every person, co-partnership, association and corporation doing a financial business in this State.” “Financial business” for this purpose was defined in ALLS.A. 54:10B-2(b) (the “definition section”) as follows:
“Financial business” shall mean all business enterprise which is (1) in substantial competition with the business of national banks and which (2) employs moneyed capital with the object of making profit by its use as money ... This shall include, without limitation of the foregoing businesses commonly known as industrial banks, dealers in commercial paper and acceptances, sales finance, personal finance, small loan and mortgage financing businesses, as well as any other enterprise employing moneyed capital coming into competition with the business of national banks____ [Footnotes omitted]
Corporations meeting the definitional requirements of N.J. S.A. 54:10B-2(b) but not conducting their financial business in New Jersey were not covered by the Financial Business Tax Law. Defendant claims that plaintiff would have fallen under this category.
In 1975 corporations were eliminated from the Financial Business Tax Law, thereby subjecting financial business corporations formerly subject to that law to the corporation business tax, N.J.S.A. 54:10A-1 et seq. The Corporation Business Tax Act was simultaneously amended to entitle financial business corporations to deduct 100% of the interest expense to an affiliate corporation. N.J.S.A. 54:10A-4(k)(2)(E)(iii). For purposes of this section, financial business corporations were defined in N.J.S.A. 54:10A-4(m), that definition coming verbatim from the Financial Business Tax Law, N.J.S.A. 54:10B-2.
Under a literal reading of the statute, any corporation covered by the Corporation Business Tax Act qualifies for the interest deduction if it satisfies the definition of a financial business corporation. Coverage under the act is determined by N.J.S.A. 54:10A-2, which states that:
[e]very domestic or foreign corporation not hereinafter exempted shall pay an annual franchise tax ... for the privilege of having or exercising its corporate franchise in this State, or for the privilege of doing business, employing or owning capital or property, or maintaining an office in this State.
Plaintiff admittedly satisfies the definition of a financial business corporation, just as it did under the Financial Business *343 Tax Law. Its business could properly be classified as a mortgage financing business, one of the financial businesses mentioned by name in the definition. It is also obvious that plaintiff is taxable under the Corporation Business Tax Act since the disputed deficiencies were assessed pursuant to this act. Plaintiff would therefore be entitled to its claimed deduction, at least under a literal reading of the statute.
Defendant argues that the literal application of the statute to the facts in this case results in an outcome contrary to legislative intent, as evidenced by the legislative history of the 1975 amendment. Defendant cites the Assembly Taxation Committee statement to Assembly Bill 3339 (1975), which became L. 1975, c. 171, the amendment in question herein, which stated:
This bill proposes to bring corporations now taxed under the Financial Business Tax Act under the provisions of the Corporation Franchise Tax Act.
Additionally, defendant relies on N.J.S.A. 54:10A-40, which states:
During each of the years 1976, 1977, 1978 and 1979, each financial business corporation shall pay as taxes under the provisions of the act to which this act is a supplement, the greater of a sum equal to the amount such financial business corporation paid pursuant to the “Financial Business Tax Law” P.L.1946, c. 174 (C. 54:10B-1, et seq.) in the calendar year 1975, or a sum equal to the total of the taxes payable by such financial business corporation pursuant to the “Corporation Business Tax Act”, P.L.1945, c. 162 (C. 54:10A-1 et seq.)
Defendant contends that this section indicates a legislative intent to include only those corporations previously governed by the Financial Business Tax Law as financial business corporations. It reasons that since plaintiff would not have been a financial business corporation under the financial business tax, as it did not conduct its financial business in New Jersey, it should not qualify as one now.
Defendant’s arguments are not persuasive. It must be noted that the amendments are consistent with the stated purpose of bringing corporations previously taxed under the Financial Business Tax Act under the provisions of the Corporation Business Tax Act. The amendments to the two acts can be separated into two categories. The first amendment eliminated *344 corporations from the Financial Business Tax Law, effectively bringing them under the corporation tax law. This amendment fulfilled the stated purpose of the Assembly Taxation Committee. The second set of amendments which provided for special treatment of financial business corporations are not aimed at the legislative purpose expressed above, and a literal reading of these provisions is not inconsistent therewith.
As to defendant’s second contention, that of the effect of N.J.S.A. 54:10A-40, it should be noted that this is an interim provision designed to prevent financial business corporations previously taxed under the Financial Business Tax Law from attaining a tax reduction by virtue of the amendment. Financial business corporations formerly taxed under the corporation business tax are of no concern to the Legislature in the “save harmless” provision of N.J.S.A. 54:10A-40 because there is no threat of reduced revenues from these entities due to the tax change. These corporations achieve a tax reduction only from the new deduction for interest to affiliated corporations, a tax reduction not inconsistent with the enactment of the section itself and not a revenue loss which is the focus of N.J.S.A. 54:10A-40. This latter section appears to be directed at the revenues lost by the amendment to the Financial Business Tax Law, which eliminated financial business corporations from its coverage, and not the revenues lost from the new interest deduction. Thus, N.J.S.A. 54:10A-40, when applied to corporations not previously taxed under the financial business tax, merely results in a minimum tax equal to the amount payable under the corporation business tax (the tax paid by these corporations in 1975 pursuant to the financial business tax being zero[1]).
Defendant maintains that its construction of the statute is a practical and administrative construction by the agency in *345 charge of administering it and is therefore entitled to substantial consideration by the court, citing Jersey City Housing Auth. v. Civil Service Dept., 87 N.J.Super. 146, 149, 208 A.2d 416 (App.Div.1965) and Automatic Merchandising Council v. Glaser, 127 N.J.Super. 413, 317 A.2d 734 (App.Div.1974). However, as Judge Crabtree noted in Mobay Chemical Co. v. Taxation Div. Director, 3 N.J.Tax 597, 607 (Tax Ct.1981), aff’d 6 N.J.Tax 445 (App.Div.1982), aff'd 96 N.J. 407, 476 A.2d 758 (1984):
While it is true, as defendant contends, that construction of a taxing statute by the agency charged with its administration is entitled to weight in a judicial proceeding, it is also well settled that an administrative interpretation which is inconsistent with the ordinary and primary meaning of the language of the enactment will be ignored. [Citations omitted]
Additionally, part of the claimed administrative interpretation involved the Financial Business Tax Law, the interpretation of which is not at issue at this time. Therefore, no great emphasis is accorded to the administrative interpretation of this amendment.
Where the plain language of a statute is clear and unambiguous, suggesting a certain result, and there is no indication of intent to the contrary, courts must enforce the statute as written. Therefore, plaintiffs interpretation, which is an ordinary reading of the clear and unambiguous language of the statute, is to be presumed correct pending a finding that this reading violates the legislative intent. Defendant has failed to demonstrate a legislative intent contrary to or inconsistent with the plain reading of the statute.
Additionally, defendant’s interpretation creates problems which conflict with the legislative intent as gleaned from the face of the statute. Corporations formed after 1975 would have to be analyzed under the standards of a prior law, an administrative procedure not expressly provided for, since neither the standards nor the prior law are mentioned in the relevant definitional sections, nor one by which new corporations would be put on notice.
*346 I conclude that the Corporation Business Tax Act does not require a corporation to conduct its financial business in New Jersey to qualify for the special treatment accorded financial business corporations. Plaintiff is therefore entitled to the deduction claimed and the relief requested. No further inquiry is necessary to determine whether plaintiff is conducting a financial business in New Jersey or directly competing with National Banks. The parties are directed to submit computations showing the correct amount of overpayments, penalties and interest pursuant to R. 8:9-3.

 The use of a zero in the equation is not indicative of a misinterpretation of the statute. Such an outcome is to be expected in at least one other situation, namely where a financial business corporation is formed after 1975 and presumably paid no financial business tax in 1975.