HOFFMANN–LAROCHE, INC., PLAINTIFF-RESPONDENT, v.
DIRECTOR, DIVISION OF TAXATION,
DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued November 2, 1983—Decided November 29, 1983.

Before Judges FRITZ, FURMAN and DEIGHAN.

*Martin L. Wheelwright,* Deputy Attorney General, argued the cause for the appellant (*Irwin I. Kimmelman,* Attorney General of New Jersey, attorney; *Deborah T. Poritz,* Deputy Attorney General, of counsel).

*Ann G. McCormick* argued the cause for respondent (*Crummy, Del Deo, Dolan & Purcell,* attorneys; *Benjamin P. DeSena,* on the brief; *David M. Hyman* and *Barbara J. Naar* on the reply brief).

The opinion of the court was delivered by

FURMAN, J.A.D.

The Tax Court in an opinion published at 5 *N.J.Tax* 154 (Tax Ct.1983) granted a refund of the sales tax paid by respondent Hoffman-LaRoche, Inc., a manufacturer of pharmaceutical and other health care products, for its purchase of mailing labels included within its purchase of direct-mailing services. The Tax Court denied a refund of the use tax paid by respondent on the

value of advertising and promotional materials which were purchased by it outside New Jersey. The Director of the Division of Taxation appeals and Hoffman-LaRoche, Inc. cross-appeals.

■ We affirm the denial of a refund of the use tax payments substantially for the reasons stated by the Tax Court in its published opinion. We reverse the granting of a refund of the sales tax payments on the estimated purchase price of the mailing labels.

■ Direct-mailing services are advertising services subject to sales tax. *Fisher-Stevens, Inc. v. Taxation Div. Director*, 121 *N.J.Super.* 513 (App.Div.1972), certif. den. 62 *N.J.* 575 (1973). Respondent on this appeal purchased direct-mailing services from four New Jersey direct-mailing houses, including Fisher-Stevens, Inc. The advertising and promotional materials purchased by respondent outside this state were mailed by the direct-mailing houses to physicians and other potential customers, whose names were taken primarily from lists developed and owned by the American Medical Association (AMA) and franchised by it to the direct mailing houses. The Director of the Division of Taxation concedes that respondent is entitled to a refund of the sales tax paid on the AMA royalty fees which were separately charged to it by the direct-mailing houses. That refund is not in issue.

As part of a stipulation of facts the parties to this appeal reached agreement that respondent paid a total sales tax of $62,869.23 with respect to its purchases from the direct-mailing houses and that included in those amounts was an estimated sales tax of $7,212 with respect to an estimated $144,250 paid to the direct-mailing houses for labels. The stipulation specified, significantly we believe: "These amounts are estimated, since plaintiff was not separately charged for the labels."

██ In granting a refund of $7,212, the Tax Court relied upon the exemption from the sales tax provided in *N.J.S.A.* 54:32B–8.15:

> Sales or use of wrapping paper, wrapping twine, bags, cartons, tape, rope, labels, nonreturnable containers, reusable milk containers and all other wrapping supplies when such use is incidental to the delivery of any personal property are exempt from the tax imposed under the Sales and Use Tax Act.

We deem that exemption to be inapplicable. Under the principle of *ejusdem generis,* what is exempted from the sales tax by *N.J.S.A.* 54:32B–8.15 are separate sales of packaging materials and physical attachments to packages, including labels, when incidental to the delivery of personal property. *See Denbo v. Moorestown Twp.,* 23 *N.J.* 476, 480 (1957).

Although the parties stipulated the amount of respondent's payments to the direct mailing houses allocable to labels at $144,250, there was not a separate sale of the labels to fit within the exemption under *N.J.S.A.* 54:32B–8.15. Rather, the payment for the labels was a component of respondent's total payments for direct mailing services.

Moreover, it is unmistakable that most or almost all of the amount of $144,250 was not charged and paid for the physical labels themselves but for preparation of the labels from the AMA lists and other sources and for printing and applying them. Preparation, printing and applying labels for mailing were encompassed within the total direct mailing services purchased by respondent as advertising services from the direct mailing houses. In *Fisher-Stevens* the testimony of a witness for the direct mailing house was summarized as follows:

> At the hearing in the Division, Robert J. Atkins, president of Fisher-Stevens, estimated that approximately 45% of a typical billing charge is allocated to selecting a mailing list and printing and applying the mailing labels. Approximately 30% is devoted to folding and inserting the advertising material into envelopes. The remaining 25% pertains to the sorting, typing and bagging of the envelopes. [121 *N.J.Super.* at 515–516]

*See also Del Val Pennysaver, Inc. v. Taxation Div. Director,* 188 *N.J.Super.* 108, 113 (App.Div.1983).

We reverse the grant of a sales tax refund to respondent in the amount of $7,212. We affirm the denial of a use tax refund to respondent.