HOPKINS, J.T.C.
Cosmair, Inc. (taxpayer) is seeking a refund of sales and use taxes paid pursuant to a determination by Director, Division of Taxation (Director) for the audit period April 1, 1979 through March 31, 1982.
Taxpayer is the manufacturer of cosmetic and fragrance products. Director’s assessment included use taxes upon (1) samples of fragrances which were distributed without charge to taxpayer’s department store customers; (2) other products manufactured by taxpayer which it delivered in company vehicles to its offices located outside New Jersey; and (3) products distributed to charitable organizations. The parties have agreed that a use tax is due on samples distributed to taxpayer’s customers located in New Jersey; that a use tax is not due on those other products which were delivered to its offices located outside New Jersey; and that taxpayer will not pursue its claim for an exemption on products distributed to charitable organizations.
The remaining issue is whether there is a use tax due on those samples distributed to taxpayer’s customers who are located outside New Jersey or, as alternatively alleged by Director, if the samples are not subject to the use tax, whether the material purchased to manufacture the samples should be subject to a sales or use tax.
While taxpayer’s manufacturing process takes place in New Jersey, it purchases the raw material, which becomes part of its *11 final products, both in and outside of New Jersey. It does not pay a sales or use tax upon its purchases of raw materials. Subsequent to the manufacturing process, taxpayer stores its finished products in its warehouses in New Jersey.
The samples here involved are the same size and type as those used by taxpayer in its “purchase-with-purchase” sales promotions. In such promotions, the retail customer purchases one or several of taxpayer’s products in conjunction with another item, such as a canvas bag or an umbrella bearing the name of one of taxpayer’s products. After taxpayer and its wholesale customers agree on the number of samples to be distributed at the various department stores, that information is transmitted by taxpayer’s New York marketing office or its field sales force to taxpayer’s personnel at the New Jersey warehouses where the inventory is stored. The requisite samples for each of the department stores are then taken from inventory and physically moved to the shipping area of the warehouse where they are packed for transit together with the other products to be sent to the department stores.
In the packaging process, taxpayer’s employees place all items to be sent to each of the department stores, including samples, into cartons and other shipping containers with packing materials so that such items are not damaged in transit. Taxpayer’s employees also prepare shipping labels and affix them to the packages. Appropriate documents indicating the number of samples enclosed are prepared and inserted in the packages. When packaging is completed, the common carrier picks up the cartons at taxpayer’s New Jersey warehouse for delivery to the out-of-state department store customers.
No separate charge for the aforesaid samples is made to its department store customers by taxpayer, nor are the number of samples distributed to each department store proportionate to the amount of taxpayer’s product which such department store has purchased from taxpayer. The department stores, in turn, distribute the samples, without charge, to those persons who ultimately use the samples.
*12 Taxpayer contends that the samples are not subject to the use tax since the definition of “use” contained in N.J.S.A. 54:32B-2(h), by its terms, limits its definition to a “purchaser” and, assuming such definition does apply to a manufacturer, the subject samples are specifically excepted from the use tax pursuant to the provisions of N.J.S.A. 54:32B-6.
N.J.S.A. 54:32B-6 provides that:
Unless property or services have already been or will be subject to the sales tax under this act, there is hereby imposed and there shall be paid by every person a use tax for the use within this state ... of 6% on and after January 3, 1983, except as otherwise exempted under this act ... (B) of any tangible personal property manufactured, processed or assembled by the user, if items of the same kind of tangible personal property are offered for sale by him in the regular course of business____
The parties do not dispute that the samples involved have not been nor will be subject to a sales tax. Further, the samples are tangible personal property which were manufactured by taxpayer and are of the same kind and size as the tangible personal property which is offered for sale in the regular course of business by taxpayer. The questions presented, therefore, are whether the samples were used within the definition of such term and, upon such a finding, whether such use falls within the exception granted to a manufacturer.
N.J.S.A. 54:32B-2(h) defines “use” as follows:
The exercise of any use or power over tangible personal property by the purchaser thereof and includes, but is not limited to, the receiving, storage or any keeping or retention for any length of time, withdrawal from storage, any installation, any affixation to real or personal property, or any consumption of such property. [Emphasis supplied]
The statutory definition of the term “use,” in a literal sense, applies only to use by a purchaser. Since the use tax also applies to tangible personal property which is manufactured in New Jersey and offered for sale in the manufacturer’s normal course of business, this court is required to conclude either that the definitional part of the statute, in defining “use,” applies in all circumstances, or that it would apply only to purchasers with this court free to conclude a “use” definition, within the context of the Sales and Use Tax Act, for those users other than purchasers. In either event, the definition *13 would necessarily be the same. In this respect, it was aptly stated in 2A Sutherland, Statutory Construction (4 ed. Sands 1973), § 47.07 as follows:
... The words of the statute furnish the best means of its own exposition and if the intent of the act is clearly ascertainable from a reading of its provisions and all its parts may be brought into harmony with that intent, resort to other aids of construction is not necessary, [at 133]
Accordingly, I find that the use of the word “purchaser” i Jie definitional portion of the statute is of no consequence. The statutory definition of “use” is equally applicable to a manufacturer, processor or assembler, except to the extent specifically exempting such use from tax.
In imposing the compensating use tax on manufacturers, processors or assemblers, N.J.S.A. 54:32B-6 provides:
... The tax shall be at the applicable rate, as set forth hereinabove, of the price at which items of the same kind of tangible personal property are offered for sale by the user, and the mere storage, keeping, retention or withdrawal from storage of tangible personal property by the person who manufactured, processed or assembled such property shall not be deemed a taxable use by him.
Taxpayer, relying upon the exception, argues that the extent of its use of such property was the mere storage, keeping, retention or withdrawal from storage. Director, on the other hand, does not dispute that taxpayer did perform those functions which were exempt. However, Director emphasizes that in addition to the exempt functions, taxpayer went further and determined the number of samples which it desired to ship to each individual customer and then proceeded to pack such samples; label them for delivery; and had a common carrier pick up the samples for delivery to taxpayer’s customers.
The aforesaid exception is in the nature of an exemption. Further, exemptions from taxation are narrowly construed and all doubts which arise are to be resolved against the party seeking the exemption. Princeton Univ. Press v. Princeton, 35 N.J. 209, 172 A.2d 420 (1961); Mal Bros. Contracting Co. v. Director, 124 N.J.Super. 55, 304 A.2d 750 (App.Div.1973), certif. den. 63 N.J. 554, 310 A. 2d 469 (1973). Those seeking the benefit of a tax exemption have the burden of establishing that they come clearly within the statutory *14 provisions. Container Ring v. Director, 1 N.J. Tax 203 (Tax Ct.1980), aff’d 4 N.J.Tax 527 (App.Div.1981), certif. den. 87 N.J. 416, 434 A. 2d 1090 (1981).
The definition of use for the purposes of the use tax is extensive. It is the exercise of any right or power over tangible personal property. The extent of that definition was emphasized in Hoffman-La Roche, Inc. v. Taxation Div. Director, 5 N.J.Tax 154 (Tax Ct.1983), mod. 192 N.J.Super. 552, 471 A.2d 786 (App.Div.1983), wherein the Tax Court found and the Appellate Division affirmed that a pharmaceutical company exercised a right or power over advertising and promotional materials which it had purchased outside of New Jersey and had delivered directly to independent contractors who were direct mailing houses located in New Jersey. The direct mailing houses, in turn, mailed the materials to out-of-state recipients. The court found that the right of the pharmaceutical company to veto the mailing process while it was being performed in New Jersey was a sufficient exercise of its right or power over the tangible personal property to constitute a use within the definition of that word. In the subject case, the taxpayer actually exercised its right to dispose of the property. In segregating the samples and shipping them by common carrier to the various out-of-state customers, it did everything that it could to convey title to the subject samples. While it is recognized that there may be an argument that delivery to the common carrier was such that the samples could have been recalled prior to actual delivery to the customers, the extent to which the taxpayer did act, pursuant to its intent to distribute its samples, was a sufficient exercise of its rightful power to bring the use tax into play.
The conclusion that taxpayer’s actions in New Jersey subjected it to a use tax is consistent with the holding in Hoffman-La Roche, Inc. v. Porterfield, 16 Ohio St.2d 158, 243 N.E.2d 72 (Sup.Ct.1968), where the question involved was whether samples of taxpayer’s products, which were mailed from New Jersey to customers in Ohio, were subject to the Ohio use tax. *15 There, as in New Jersey, the word “use” was defined as meaning and including the exercise of any right or power incidental to the ownership of the thing used. In concluding that the pharmaceutical company’s promotional material, which had been sent by third class mail to doctors and hospitals in Ohio, was not subject to the Ohio use tax, the court found that the pharmaceutical company, to the extent reasonably possible under the existing postal regulations, had divested itself of ownership, possession and control of its mail promotional materials outside Ohio. Accordingly, the court held that the gifts of samples and advertising material took place outside Ohio and were not subject to Ohio use tax. Conversely, in the subject case, taxpayer did, to the extent possible, divest itself of ownership, possession and control of the samples in New Jersey. In accord, also, is Beecham Laboratories v. Woods, 569 S.W.2d 456 (Tenn.Sup.Ct.1978), where the court was faced with the question of whether a pharmaceutical company was liable for the use tax on samples which were manufactured in both Tennessee and New Jersey. There, too, the word “use” was defined to mean and include the exercise of any right or power over tangible personal property incident to the ownership thereof. However, there was also specific statutory authority which excluded personal property imported into Tennessee or produced or manufactured in Tennessee, and then exported from Tennessee. The court distinguished the exported samples in holding that the samples distributed in Tennessee were subject to the use tax since they were not specifically excepted.
Here, since the taxpayer exercised rights and control over the samples which were in excess of those rights exercised by the “mere storage, keeping, retention or withdrawal from storage of tangible personal property,” it has failed to sustain its burden of showing that those samples shipped to out-of-state customers were not subject to the use tax.
The above conclusion renders moot Director’s alternative position that a sales or use tax should be imposed on the material purchased to manufacture the samples.
*16 The parties shall submit a proposed form of judgment, consistent with the above, pursuant to the provisions of R. 8:9-3.