LASSER, P.J.T.C.
McGraw Hill, Inc. (taxpayer) contests the imposition of a deficiency use tax assessment, pursuant to N.J.S.A. 54:32B-6, by the Director, Division of Taxation, on the cost of books donated by taxpayer to charitable organizations. The case is before the court on cross-motions for summary judgment. The facts have been stipulated.
Taxpayer, a book publisher engaged in the business of manufacturing and selling books, has a program for the donation of books to charitable organizations which qualify for exemption under Internal Revenue Code (I.R.C.) § 501(c)(3), provided taxpayer is satisfied that the organization’s use of the books will be for charitable purposes that comply with I.R.C. § 170(e)(3). Under I.R.C. § 170(e)(3), taxpayer is able to claim a special charitable deduction for inventory donated through its charitable donation program.[1]
*376 None of the subject books are printed in New Jersey. They are printed by unrelated, out-of-state printing companies and are shipped by these printers to taxpayer’s warehouse in Hightstown, New Jersey. Taxpayer does not pay sales or use tax to any state on books shipped to any of its warehouses, including sales or use taxes on component materials incorporated in such books. The cost of component materials (paper, printing and binding) are referred to as manufacturing costs and are treated as purchases for resale.
The books given to charitable organizations are current titles which the donee could not reasonably be expected to purchase.
When books are to be given to charitable organizations, the Hightstown warehouse staff is instructed by the New York office to remove the books from warehouse inventory and make them ready for pick-up by a common carrier. The books are shipped under commercial shipping terms which provide that title passes upon receipt. Shipments may be cancelled at any. time before delivery and are insured by taxpayer until they are accepted by the charitable organization. When books are not accepted by donees, the insurance continues until the books are returned to taxpayer’s warehouse.
Taxpayer claims that the subject books, which were stored in its Hightstown warehouse and were donated to charitable organizations, are not subject to New Jersey use tax. It contends that purchases of the component materials are exempt as purchases for resale under N.J.S.A. 54:32B-2(e). Taxpayer argues that the donation of books to a charitable organization constitutes a resale of the books because the donation is a transfer of tangible personal property for consideration. The consideration claimed is taxpayer’s promise to give the books in exchange for the donee’s promise to use them for charitable purposes and to furnish taxpayer with documentary evidence supporting the special charitable nature of the gift. Taxpayer further claims that consideration for the resale is also supplied by the federal government, which grants taxpayer a tax deduction for the gift. Taxpayer relies on Fairlawn Shopper v. *377 Director, Div. of Tax., 98 N.J. 64, 484 A.2d 659 (1984) and Telepages, Inc. v. Taxation Div. Director, 9 N.J.Tax 30 (Tax Ct.1987) for the proposition that consideration for a resale transaction can be paid by a third party. Taxpayer also contends that the resale transactions (the donations of books) are exempt sales because either (1) the “sales” are sales made to New Jersey charities and are exempt as sales to charitable organizations under N.J.S.A. 54:32B-9, or (2) the “sales” are sales made to out-of-state charities and are exempt because the transfer of title does not take place in New Jersey.
Taxpayer argues, in the alternative, that if the transfers are gifts, not sales, it is not obligated to pay a use tax on books given to out-of-state charities because the transfers to charitable organizations by common carrier, with title passing outside of New Jersey, do not give rise to any taxable sales or use in New Jersey.
The Director contends that the donations are gifts, not sales, and that taxpayer’s exercise of control over the donated books subjects taxpayer to New Jersey use tax. The Director relies on Cosmair, Inc. v. Taxation Div. Director, 8 N.J.Tax 9 (Tax Ct.1985), aff’d 9 N.J.Tax 89 (App.Div.1986), certif. granted 107 N.J. 626, 527 A.2d 451 (1987) to support his contention that the donated books are subject to use tax measured by the wholesale price of the books charged others by taxpayer, pursuant to N.J.S.A. 54:32B-6(B).
/.
Taxpayer contends that donation of books to a charitable organization is a sale, not a gift, and therefore taxpayer is not subject to tax on the purchase of the component materials because the N.J.S.A. 54:32B-2(e) “sale for resale” exemption applies. Section 2(e) defines retail sale as:
(1) A sale of tangible personal property to any person for any purpose, other than (A) for resale either as such or as converted into or as a component part of a product produced for sale by the purchaser____
*378 Taxpayer characterizes its transfer of books to charitable organizations as gifts for federal income tax purposes, and reports the gifts as deductions under I.R.C. § 170.
Taxpayer’s counsel stated at oral argument that taxpayer’s motive for donating books to charitable organizations is to obtain the federal income tax deduction. Consistent with this motive, taxpayer complies with the requirements of I.R.C. § 170 and receives the deduction.[2]
 To support its contention that the transactions are sales for New Jersey sales and use tax purposes, taxpayer relies on N.J.S.A. 54:32B-2(f), which defines a sale as:
[a]ny transfer of title or possession or both, exchange or barter, rental, lease or license to use or consume, conditional or otherwise, in any manner or by any means whatsoever for a consideration, or any agreement therefor, including the rendering of any service, taxable under this act, for a consideration or any agreement therefor.
To constitute a sale, a transfer of property must be supported by consideration. Taxpayer’s contention, that the consideration for the transfer is the donee’s promise to use the books for the charitable purposes stated in I.R.C. § 170(e)(3) and to provide documentary support of its promise not to use the property except for charitable purposes, lacks merit. A charitable gift is not a commercial transaction. The assurance by the charitable organization that it will use the property for charitable purposes is not consideration so as to convert the gift into a sale for sales and use tax purposes. Such assurance is routinely given by organizations that wish to receive charitable contributions. Neither the requirements of I.R.C. § 170 nor compliance with these requirements converts a charitable gift into a sale for federal income tax or state sales tax purposes. All of the indicia of the transactions are gift-oriented. Having taken the position that the transactions are gifts for federal income tax purposes, taxpayer cannot now take the position that they are *379 sales for purposes of the New Jersey sales and use tax. See General Trading Co. v. Taxation Div. Director, 83 N.J. 122, 416 A.2d 37 (1980).
Taxpayer’s argument that the tax deduction granted by the federal government is consideration, making the gift a sale, is a misapplication of Fairlawn Shopper and Telepages, both supra. In Fairlawn Shopper, the court held that the sale of printing services to the publisher of a shoppers’ guide, which then distributes the guide to readers free of charge, was exempt as a sale for resale, the consideration being payment to the publisher by third parties, the advertisers. The Court found that the advertisers paid not only for the advertising space, but also for distribution of the publication to the public. The court in Telepages made a similar finding. The federal tax deduction is a public policy measure intended to encourage charitable contributions. It does not constitute consideration under the New Jersey Sales and Use Tax Act for the purpose of converting a gift into a sale.
Taxpayer’s donation of books to a charitable organization is a gift, not a sale, and therefore the § 2(e) “sale for resale” exemption does not apply.

II.

Having determined that the transactions are gifts, I must consider the sales and use tax consequence. The component materials which became books were purchased outside of New Jersey. No sales or use tax was paid because the books were placed in inventory in taxpayer’s warehouse and held for resale. Taxpayer concedes that if the transactions are gifts, to the extent that the books are given to New Jersey charities, their removal from inventory subjects them to use tax, but contends that gifts of books to out-of-state charities do not take effect in New Jersey and therefore are not subject to use tax by New Jersey.
*380 The issue thus is whether taxpayer’s activities with respect to the subject books donated to out-of-state charities constitute a use that is subject to tax by New Jersey.
“Use” is defined in N.J.S.A. 54:32B-2(h) as:
The exercise of any right or power over tangible personal property by the purchaser thereof and includes, but is not limited to, the receiving, storage or any keeping or retention for any length of time, withdrawal from storage, any installation, any affixation to real or personal property, or any consumption of such property. [Emphasis supplied]
The use tax is imposed by N.J.S.A. 54:32B-6, which states in pertinent part:
Unless property or services have already been or will be subject to the sales tax under this act, there is hereby imposed on and there shall be paid by every person a use tax for the use within this state ... of 6% ... except as otherwise exempted under this act, ... (B) of any tangible personal property manufactured, processed or assembled by the user, if items of the same kind of tangible personal property are offered for sale by him in the regular course of business, ... For the purposes of clause (B) of this section, the tax shall be at the applicable rate, as set forth hereinabove, of the price at which items of the same kind of tangible personal property are offered for sale by the user, .and the mere storage, keeping, retention or withdrawal from storage of tangible personal property by the person who manufactured, processed or assembled such property shall not be deemed a taxable use by him. [Emphasis supplied]
The definition of use for purposes of the use tax is extensive and includes the exercise of any right or power over tangible personal property. The reference to “purchaser” in § 2(h) is expanded to “user” in § 6.
In Hoffman-LaRoche, Inc. v. Taxation Div. Director, 5 N.J.Tax 154 (Tax Ct.1983), mod. 192 N.J.Super. 552, 471 A.2d 786 (App.Div.1983) the Tax Court held that a New Jersey pharmaceutical company exercised a right or power over advertising and promotional materials which it had purchased outside of New Jersey and had delivered to independent contractors (direct mailing houses) in New Jersey. The court ruled that the company’s right of approval over distribution of the materials by the direct mailing houses constituted a use of the materials in New Jersey. This holding was affirmed by the Appellate Division. The continued control over the property by HoffmanLaRoche was sufficient to support the imposition of a use tax by New Jersey. Similarly, McGraw Hill would have been *381 subject to use tax by New Jersey by reason of its control over the use and distribution of the books but for the fact that its purchases were made with the intent to resell.
In Cosmair, supra, the court held that samples manufactured by a cosmetics company in New Jersey and distributed free to out-of-state department stores were subject to use tax. Taxpayer in that case manufactured the samples and made them ready for shippment by common carrier. Cosmair argued that it was not subject to tax under an exception to § 6(B) which provides that “the mere storage, keeping, retention or withdrawal from storage of tangible personal property by the person who manufactured, processed or assembled such property shall not be deemed a taxable use by him.” The court ruled, however, that by sorting and assembling the samples for shipment to its customers, Cosmair did everything it could to convey title to the samples in New Jersey. The court held that Cosmair’s actions, pursuant to its intent to distribute the samples, were a sufficient exercise of its right and power over the samples to constitute taxable use in New Jersey.
In the subject case, both parties cited Cosmair, the Director for the proposition that McGraw Hill was subject to use tax under § 6(B), and McGraw Hill by distinguishing its gifts from Cosmair’s, contending that its gifts are “pure gifts” while Cosmair’s were samples used for promotional purposes. Taxpayer also distinguishes its activities from those of HoffmanLaRocke and Cosmair, arguing that in the cited cases the taxpayer gave up control and transferred the goods in New Jersey, while McGraw Hill takes care that title does not pass in New Jersey.
I find from the definitions of “retail sale” and “use” and from the cited wording of § 2(e) and § 6 that the Legislature’s intent was to exempt both storage of tangible personal property and the withdrawal of this property from storage when the property is manufactured or purchased with the intention that it be resold. However, when the intent changes and resale is no longer intended, the tangible personal property becomes *382 subject to use tax on withdrawal from storage and devotion to a non-resale use. When there is no resale, the sale for resale exemption disappears, and since no sales tax was paid on the purchase of the component materials, the use tax provisions of § 6 come into play, making the use of the property taxable.
It is important to recognize the difference between the sales tax and the use tax. Sales tax is imposed on a commercial transaction, a purchase for consideration. The use tax is a tax complementary to the sales tax as an aid to its enforcement. It is a tax on possession and enjoyment of that which was purchased and for which no sales tax was paid. See Diamond-head Corp. v. Taxation Div. Director, 4 N.J.Tax 255, 258 (Tax Ct.1982).
The subject case turns neither on the nature of the gifts nor the fact that some gifts were made to out-of-state donees, but on the fact that a change of intention occurred in New Jersey, manifested by taxpayer’s withdrawal of tangible personal property from storage for gift, rather than resale, purposes. This change of intent was evidenced by instructions to the Hightstown distribution center to segregate the books and have them shipped to the charitable donee, and the carrying out of these instructions by taxpayer taking all steps necessary in New Jersey to complete the gifts. So long as the books were held in inventory with the intent to resell, they were not subject to use tax, but once taxpayer took steps to use the books for gift purposes, they were removed from the protection of § 2(e) and became subject to use tax under § 6.
Section six provides that “mere storage, keeping, retention or withdrawal from storage of tangible personal property by the person who manufactured, processed or assembled such property shall not be deemed a taxable use by him.” Emphasis supplied. This wording indicates that goods placed in storage or withdrawn from storage are not subject to use tax. But, these words must be read in the context of the entire act, and particularly § 2(h), which includes storage or withdrawal from storage in the definition of “use.” Placing in or removing from *383 storage within the resale chain (for instance removal for transfer to another warehouse, or to a distributor or retailer) is not a taxable event, but removal from storage for the purpose of using the property subjects the user to use tax. The word “mere” limits the nontaxable status. In this case the withdrawal is not a “mere” withdrawal but is coupled with instructions to remove from storage and the removal from storage and delivery of the books to a common carrier for shipment for a non-resale purpose.
Although it may appear severe to impose a use tax on a gift, this treatment is consistent with statutory requirements. If I give tangible personal property, for instance, a television set, to a charity, I must pay a sales tax when I acquire the set. The fact that I could have restructured the hypothetical transaction and given cash to the charity, and the charity could then have purchased a television set without paying a sales or use tax, does not justify a finding in the subject case that no use tax is due. General Trading Co., supra. Further, if a manufacturer of television sets withdraws a set from its warehouse for its own use, whether it be for use in an employees’ lounge or to be given away for promotional purposes or to a charity, a use tax must be paid on this withdrawal if no sales tax was paid by the manufacturer on the purchase of the component materials. The product is no longer being held for resale and therefore is not exempt from tax on the purchase, either as a finished product or as component parts or raw materials. This is the scheme of the Sales and Use Tax Act.
In the subject case, taxpayer is giving tangible personal property to a charity without having paid sales tax to acquire the property. I conclude that the withdrawal of the books from inventory for the purpose of making a gift and the delivery of the books to the common carrier for shipment to the donee are the events which subject the donated books to use tax. The fact that some books were shipped out of the state, where title passed, does not affect this taxability since the devotion to the non-resale use occurred in New Jersey.
*384 Taxpayer’s contention that no use tax can be imposed by New Jersey because the books are shipped by common carrier and insured by taxpayer during transit, with title passing on receipt in the donee’s state, is grounded in Commerce Clause concepts which apply to sales to out-of-state customers. The Commerce Clause is concerned primarily with the avoidance of multiple or burdensome taxation on interstate commerce. In the subject case, there is no allegation that a sales or use tax has been paid to any other state, either on the component materials or on the finished product. Normally, if there is no sale, no other state can impose a sales or use tax on the charitable donee. If, by reason of the passing of title in another state, a use tax is sought to be imposed on the taxpayer-donor, the principles of Complete Auto Transit, Inc. v. Brady, 430 U.S. 274, 97 S.Ct. 1076, 51 L.Ed.2d 326 (1977), reh’g den. 430 U.S. 976, 97 S.Ct. 1669, 52 L.Ed.2d 371 (1977), would be applicable. Since a use tax has been imposed by New Jersey on the donor, presumably the tax credit provision of the sales and use tax act of the donee's state would prevent multiple taxation of the donor. If the donee’s state has no tax credit provision, there would be a serious doubt as to the validity of that state’s sales and use tax act because it would not be “fairly apportioned” as required by Complete Auto. See KSS Transp. Corp. v. Taxation Div. Dir., 9 N.J. 273 (Tax Ct.1987) (Appellate Division appeal pending).

III.

The final issue is the amount of use tax. N.J.S.A. 54:32B-6 creates three categories of use, which are:
(A) Tangible personal property purchased at retail.
(B) Tangible personal property manufactured, processed or assembled by the user, if items of the same kind of tangible personal property are offered for sale by him in the regular course of business.
(C) Any tangible personal property, however acquired, where not acquired for purposes of resale, upon which any taxable services have been performed.
The use tax is measured under (A) at the price paid for the property, plus the cost of transportation unless separately stated; under (B), at the price at which items of the same kind *385 of tangible personal property are offered for sale by the user, and under (C), at the price paid for the service, including the price paid for any tangible personal property transferred in conjunction with the performance of the service, plus the cost of transportation unless separately stated. The Director contends that taxpayer’s wholesale price to others is the measure required by (B).
The parties stipulated that taxpayer is a manufacturer. Taxpayer’s counsel explained that the editorial staff prepares the manuscript which is transferred to film and then furnished to the printer with the paper. The book is printed and bound by a printer, or printed and separately bound by a bindery and then delivered to taxpayer’s distribution center in Hightstown. Viewing the totality of the creation of the book as the manufactering of a product, I conclude that taxpayer is the manufacturer of the book.[3] It assembles the material (manuscript, paper, etc.), produces the film and subcontracts the printing and binding. Taxpayer argues that all of these functions occur outside of New Jersey, but this fact is irrelevant. If taxpayer is the manufacturer of the tangible personal property, and the use occurs in New Jersey, it matters not whether the property is manufactured in New Jersey or outside of New Jersey and then brought to New Jersey.
It is apparent that (C), relating to services performed on a product not intended to be resold, is not applicable to the subject case. The scheme of the statute is to tax under (A) finished products purchased by a user, and to tax under (B) finished products, not raw materials, when raw materials are transformed into a finished product by a manufacturer. Under (A) and (B) the purchase of the raw materials is not taxed. It is the finished product that is taxed at the price charged the *386 purchaser (the price paid by a purchaser under clause (A) or the wholesale price charged others by the manufacturer under clause (B)). Clause (A) cannot apply to taxpayer because, although the printer returns the book to taxpayer as a finished product, the price paid to the printer does not include the cost of the manuscript, the paper and the services rendered by taxpayer in the production of the book. Therefore, the purchase from the printer cannot be regarded as the purchase of a finished product since it is the purchase of only one of its component parts. The fact that taxpayer subcontracts portions of the manufacturing process does not alter its status as the manufacturer. I find that consistent with the scheme of N.J.S. A. 54:32B-6, the use tax in this case is to be measured under clause (B), the price at which items of the same kind of tangible personal property are offered for sale by taxpayer.
The Director's deficiency use tax assessment on property donated to charitable organizations is affirmed. The Director’s motion for summary judgment is granted and taxpayer’s motion is denied.

I.R.C. § 170(e)(3) is a special rule for certain contributions of inventory and other property, applicable only if (1) the use of the property by the donee is related to the purpose or function which is the basis for § 501 exemption, and (2) the property is used by the donee solely for the care of the ill, the needy or infants; the property is not sold or transferred by the donee and the donee furnishes a written statement that the use and disposition of the property will be in accordance with (1) and (2) above. In general, the deduction is the donor’s cost basis plus one-half of the property’s appreciated value, not to exceed twice the cost basis of the property.

In spite of the statement by its tax counsel, I trust that a company of taxpayer’s stature and reputation has a genuine desire to help the ill, the needy and infants.

N.J.A.C. 18:24-4.2 defines manufacturing or processing as "the performance of an operation or series of operations, the object of which is to place items of tangible personal property in a form, composition, or character different from that in which they were acquired. The change in form, composition, or character must be a substantial change, and it must result in a transformation of property into a different or substantially more usable product.”