LASSER, P.J.T.C.
Taxpayer, Fedway Associates, Inc. (Fedway), contests a use tax deficiency assessment imposed by the Director of the Division of Taxation (Director) on certain purchases of tangible personal property for distribution to Fedway’s salespersons as either compensation or sales promotions. Director determined that the purchases were subject to use tax pursuant to N.J.S.A 54:32B-1 to 27. Fedway contends that the assessment is improper because the purchases are exempt from sales or use tax pursuant to the New Jersey Urban Enterprise Zones Act (Act) N.J.S.A 52:27H-60 to 97.
A trial was held on the factual and legal issues.
Fedway, a New Jersey Corporation, is a wholesale distributor of wines and alcoholic spirits. Fedway has two New Jersey locations: Building #56, River Terminal Development, Hackensack Avenue, Kearny, which includes its corporate offices and principal warehouse, and 1 Central Avenue, Mount Laurel, a satellite distribution facility. Fedway’s Kearny location acts as a distribution center for four subsidiaries: Gateway Distributors, Inc., Perrone Wine & Spirits, Inc., Allstate Wines and Spirits and Jersey National Liquor Company.
Fedway was issued an “Urban Enterprise Exempt Purchase Permit” (Permit) for its Kearny location, by the Division of Taxation, for the period April 22, 1988 through and beyond the date of Director’s final determination of deficiency assessment. The Permit exempts Fedway’s Kearny location from use tax on purchases of tangible personal property which are to be consumed solely and exclusively by Fedway within the enterprise zone. The application for this exemption included the employees of its subsidiaries, but its subsidiaries do not have an Urban Enterprise Zone exemption. Director does not contest the validity of Fed-way’s Permit, only that the subject items must be exclusively used *61 by Fedway in the enterprise zone to be exempt from use tax under the Act.
Fedway markets the products it distributes through salespersons employed by its subsidiaries. As part of its sales efforts, and in accordance with industry practice, Fedway purchases certain items for the Kearny location which are distributed to salespersons at the Kearny warehouse as either compensation or marketing aids. These Purchases range from corkscrews, napkins and calendars to golf bags, compact disk players and television sets. Items purchased for sales promotion may carry labels of alcoholic beverage companies or their products distributed by Fedway.
Fedway asserts that its salespersons may either give the subject items to their customers or retain them for their own use. Fedway treats as employee compensation, and lists on employee Federal Internal Revenue Service (IRS) Forms W-2, large items which cany no brand name or product logo.
On April 14, 1990, Taxpayer was sent a “Notice of Assessment and Demand for Payment” for use tax on the subject purchased items. On July 19, 1991, Taxpayer was issued a “Final Determination” of use tax in the amount of $93,736.98 plus penalties and interest.
Fedway contends that the subject purchases are exempt from use tax under the Act. Fedway argues that the items are “materials and supplies” which are expensed, not capitalized, and consumed within the Kearny enterprise zone at the time they are picked up by salespersons at the Kearny facility. Taxpayer’s contention is based on the premise that once distributed, Fedway relinquishes all control of the items causing them to have no remaining economic value to Fedway.
Further, Fedway asserts that distribution of subject items, as either compensation or sales promotions, encourages sales and enables Fedway to expand its employee base. Taxpayer argues that increasing employment within the Urban Enterprise Zone is one of the Act’s goals. It contends that these items should be *62 exempt from use tax because their distribution fosters expansion of Fedway’s work force in the enterprise zone.
Director argues that distribution of the goods to salespersons is not exclusive use or consumption by Fedway in the enterprise zone. Director asserts that consumption occurs only when the goods are used for the purposes for which they were intended. Director claims that distribution to employees is not a use of these goods for the purpose for which they were intended. Director maintains that the items must be totally used up in the enterprise zone; for example, supplies, such as cleaning products, used in the maintenance of the Kearny facility are exclusively used and consumed wholly within the enterprise zone.

I

The Act was intended to stimulate economic activity in certain areas of economic distress. These areas, designated “Urban Enterprise Zones,” are “characterized by high unemployment, low investment of new capital, blighted conditions, obsolete or abandoned industrial or commercial structures, and deteriorating tax bases.” N.J.S.A. 52:27H-61(a).
To attract and maintain businesses in these areas, the Act provides certain incentives. These include reduced sales tax on sales made from the enterprise zone and exemption from sales and use tax on certain purchases of property and services used within the zone. Specifically, N.J.S.A 52:27H-79 provides use tax exemption for:
Retail sales of tangible personal property (except motor vehicles) and sales of services (except telecommunications) to a qualified business for the exclusive use or consumption of such business within an enterprise zone are exempt from the taxes imposed under the “Sales and Use Tax Act,” [citations omitted].

II

The issue in this ease is limited to whether the subject purchases are exclusively used or consumed in the enterprise zone and hence, exempt from use tax under the Act.
*63 The party claiming exemption has the burden of justifying that it clearly qualifies for an exemption and when construing the exemption statute, “all doubts are resolved against those seeking the benefit____” Teaneck Tp. v. Lutheran Bible Institute, 20 N.J. 86, 90, 118 A.2d 809 (1955).
The subject purchases fall into two categories, tangible personal property provided to employees as (1) employee compensation or (2) sales promotion items. Items which are employee compensation are those for which an IRS Form W-2 is issued to the employee and filed to report the distribution to the salesperson. All other items are sales promotion items intended for distribution to customers.
Tangible personal property is exempt from tax on purchase when the property is for the exclusive use of the qualified business and is consumed by the qualified business in the enterprise zone. The regulations of the Director indicate the nature of the exempt enterprise zone personal property. N.J.AC. 18:24-31.3(b) identifies exempt property and services as:
(b) Tangible personal property includes items such as office supplies, office or business equipment, office and store furnishings, trade fixtures, cash registers, etc. Services include items such as installing, maintaining or repairing tangible personal property used in business (other than a motor vehicle); maintaining, servicing or repairing real property used in business, and advertising services.
N.J AC. 18:24-5.3(b) defines enterprise zone exclusive use with respect to contractors’ materials and supplies as follows:
(b) Except as hereinafter provided, contractors purchasing materials and supplies must pay the sales tax at the time of purchase. This Subchapter does not apply where:
1. The purchase of materials and supplies is made for exclusive use in the fulfillment of a contract to improve or repair the real property of ... a qualified business described in the New Jersey Urban Enterprise Zones Act, N.J.S.A 52:27H-29[.]
i. For the purpose of subsection (b)l. above, “exclusive use” means that the supplies purchased will be entirely consumed in use or lack any residual utility after use and the supplies will not be used on jobs performed for nonexempt organizations either prior to, simultaneously with or after completion of the exempt organization job[J
The publication “Urban Enterprise Zone Tax Questions and Answers,” published by the New Jersey Department of Commerce *64 and Economic Development Urban Enterprise Program, Rev. 6/93, pages 5, 6, and 8, contains the following questions and answers which support the requirement that consumption of the property must occur at the place of business in the zone:
23. What kind of personal property can a qualified business buy or rent under the sales tax purchase exemption?
Answer — The purchase exemption applies to office and business equipment and supplies, furnishings, trade fixtures, repair or construction materials and all other tangible personal property purchased by a qualified business (other than motor vehicles and parts and supplies) for exclusive use or consumption on the premises of the qualified business at its zone location. Only personal property controlled by the “qualified business” qualifies for the exemption.
27. If a qualified business has other business locations outside of the zone, can it purchase tax-exempt property for use at those locations?
Answer — No. The statute provides the purchase exemption only “for the exclusive use or consumption of such business within an Enterprise Zone.”
37. Is there an exemption for advertising?
Answer — Yes, as long as the advertising is used exclusively at the place of business in the zone. This includes handbills, flyers, sales catalogs, etc. for distribution at the zone place of business, but does not include items used for mailing to customers in New Jersey. Direct mail service charges and advertising published in a newspaper, magazine, yellow pages, etc. or advertising by radio or television, are not exempt from any sales or use tax otherwise due.
Some weight should be given to the regulations and interpretations of state agencies who administer the statute. Hoeganaes Corp. v. Dir. of Div. of Tax., 145 N.J.Super. 352, 360, 367 A.2d 1182 (App.Div.1976).
To be exempt under the statute, personal property must be used only by the qualified business, in the enterprise zone, and must be consumed, that is, used up[1] in the enterprise zone with no remaining residual utility. Purchases of property and subsequent transfers of title to others by the qualified business, for further use or consumption outside the enterprise zone, do not meet the statutory requirement of exclusive use within the zone, or consuming or using up the property within the zone. The fact that a *65 salesman picks up the property in the zone for use outside the zone does not entitle the property to sales or use tax exemption.
With regard to tangible personal property purchased by Fedway and provided to salespersons as compensation, these items are not exclusively used and consumed by Fedway in the enterprise zone and are thus not exempt from sales and use tax. Although Fedway used these items by distributing them to salespersons who picked up the items in the enterprise zone, the items themselves were not exclusively used or consumed in the enterprise zone. These items are also used and consumed outside of the enterprise zone. The intent of the legislation exempting purchases for use in the enterprise zone requires the purchase to be consumed (used up) exclusively by the enterprise zone permit holder. This interpretation is supported by the Director’s regulations and the Department of Commerce and Economic Development questions and answers. The items purchased as compensation for salespersons are not entirely consumed so that they lack any residual utility after their use by Fedway.
With regard to the promotional items, I find that these items are subject to use tax because they are not consumed on the premises of the business or within the enterprise zone. They are purchased with the intent that salespersons use them to market the products they sell. Fedway claims that it relinquishes control of these items within the enterprise zone. Fedway furnishes these sale promotion items to the salespersons for a purpose — to promote Fedway’s business. The subject items are not consumed until such time as they are used by the salespersons to promote Fedway’s products.
There is no evidence that any of these promotional items are distributed to Fedway customers located within the enterprise zone and consumed within the enterprise zone. Therefore, I find that all of the subject purchases classified as sales promotion items are subject to use tax.
Fedway argues that Director’s position in this case should be discounted because it contradicts positions Director asserted in *66 Cosmair, Inc. v. Director, N.J. Div. of Taxation, 109 N.J. 562, 569, 538 A.2d 788 (1988), rev’g 9 N.J.Tax 89 (App.Div.1986), and Hoffman-La Roche v. Taxation Div. Director, 5 N. J.Tax 154 (Tax 1983), aff'd in part, rev’d in part, 192 N.J.Super. 552, 471 A.2d 786 (App.Div.1983). In both cases cited by Taxpayer, Director took positions as to when a “use” occurred. In Hoffman-La Roche, the court agreed with the Director’s position and in Cosmair, the Court disagreed. I do not find these positions taken by the Director, or the cited court decisions, relevant because the issue in this case is fact-sensitive and involves a statute which refers to “exclusive use or consumption,” a term which requires interpretation independent from the term “use.” Exclusive use and consumption, as used under the Act, is determined when the goods are employed for their intended use, and requires more than merely a change of control or possession of the items.
Fedway’s argument that items given to salespersons as incentive compensation, or for further distribution to customers outside the enterprise zone, promote development and employment in the enterprise zone and are therefore exempt is inconsistent with the requirement of the Act that materials and supplies must be exclusively used or consumed within the enterprise zone.
Director’s use tax deficiency assessment is affirmed.

 Collegiate Dictionary defines "consume” as:
1: to do away with completely: DESTROY ... 2 a: to spend wastefully: SQUANDER b: to use up ... 3: to eat or drink esp. in great quantity ... 4: to engage fully ...