659 A.2d 536

FEDWAY ASSOCIATES, INC., PLAINTIFF–APPELLANT,
v. DIRECTOR, DIVISION OF TAXATION,
DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued June 5, 1995—Decided June 23, 1995.

Before Judges PETRELLA, HAVEY and BROCHIN.

*Harold Leib*, attorney, argued the cause for appellant (*Mr. Leib* and *Elisa Leib*, on the brief).

*Marlene G. Brown*, Deputy Attorney General, argued the cause for respondent (*Deborah T. Poritz*, Attorney General, attorney; *Joseph L. Yannotti*, Assistant Attorney General, of counsel; *Ms. Brown*, on the brief).

PER CURIAM

The Tax Court concluded in a written opinion, *Fedway Associates, Inc. v. Director, Division of Taxation*, 14 *N.J.Tax* 71 (1994), that Fedway Associates, Inc. (Fedway) is not entitled to a use tax exemption under the Urban Enterprise Zones Act (*N.J.S.A.* 52:27H–61 to –97), for purchases of tangible personal property made for its employee incentive and marketing programs. Specifically, the Tax Court concluded that these purchases, which included such items as corkscrews, napkins, calendars, golf bags, and home electronic equipment, did not carry an entitlement to a use tax exemption under *N.J.S.A.* 52:27H–79.

One of Fedway's two locations for its wholesale distribution of wines and alcoholic spirits business is in the Kearny urban enterprise zone. Fedway purchases items of tangible personal property at this location to provide incentives to its sales staff and as

promotionals to its customers, through its sales staff.[1] Because its Kearny location is in an urban enterprise zone Fedway paid no sales or use tax on these items, claiming exemption under *N.J.S.A.* 52:27H–79.

The Division of Taxation audited Fedway's purchases between October 1, 1986 and September 30, 1989, and concluded that Fedway was not entitled to the use tax exemption. It issued a final determination that Fedway owed use tax in the amount of $93,736.98, plus interest of $47,818.28 to August 20, 1991, for a total amount of $141,555.26.

Fedway argues on appeal that the Tax Court misinterpreted the applicable Urban Enterprise Zones Act provisions concerning its purchases for its employee incentive program. It also argues that the judge misinterpreted the act's provisions concerning its purchases for its give-away employee incentive program. Fedway claims entitlement to the use tax exemption because the purchases at issue are the type contemplated by the Legislature when it created urban enterprise zones.

The findings and conclusions of the Tax Court judge are adequately supported by the record.

We affirm substantially for the reasons expressed by Judge Lasser in his written opinion reported at 14 *N.J.Tax* 71.

---

[1] We do not refer at length to the facts because they are fully set forth in the Tax Court opinion.