MENYUK, J.T.C.
Plaintiffs pro se Richard and Lisa Sogness appeal sales and use tax assessed pursuant to the Sales and Use Tax Act, N.J.S.A. 54:32B-1 to-29, and cigarette tax assessed pursuant to the Cigarette Tax Act, N.J.S.A. 54:40A-1 to-45. Following oral argument on defendant’s motion for summary judgment, the court determined that plaintiffs were liable for the taxes for reasons set forth in a bench opinion delivered on February 19, 2010. However, on its own motion, the court raised with defendant’s counsel the issue of whether the Division of Taxation (“Division”) had correctly calculated the sales and use tax on the total of the purchase price of the cigarettes plus the amount of cigarette tax or whether the tax should have been calculated solely on the purchase price of the cigarettes. The court permitted counsel to confer with the Division, and to respond to the issue raised by the court in writing before entry of an order on the motion.
By way of background, the Division obtained the information eventually resulting in the assessment of taxes at issue here by virtue of federal legislation known as the Jenkins Act, 15 U.S.C. §§ 375 through 378. Under that act, any person or entity who sells cigarettes in interstate commerce and ships them into a state taxing the sale or use of cigarettes to a purchaser other than a distributor licensed by that state is required to tile a monthly report of all cigarette shipments to the receiving state’s tobacco tax administrator, which in New Jersey is the defendant Director. 15 U.S.C. § 376(a)(2) provides that the report must include a memorandum or copy of the invoice covering each and every shipment of cigarettes during the previous month into the state, such memorandum or invoice to include the name and address of the person to whom the shipment was made, and the brand and the quantity of cigarettes. Pursuant to these provisions of federal law, an entity called SmartSmoker reported to the defendant that *358 plaintiff Lisa Sogness had purchased from it a total of 68 cartons of cigarettes for the total price of $1,900.82 during the period April 1, 2005 through March 31, 2007.
The taxes claimed to be owed were first set out in a letter dated August 20, 2007 from the Division to plaintiff Lisa Sogness.[1] The letter advised Ms. Sogness that she was liable for cigarette tax and sales and use tax on her purchases and included a list of the shipment dates, the invoice numbers, the amounts and brands purchased, and the purchase price of each order. The Division’s calculation of the taxes was set out in a table as follows:
[[Image here]]
When Ms. Sogness did not respond to the August 20, 2007 letter, the Division issued a notice of assessment on June 2, 2008 for taxes in the same amount as set out in the prior letter, plus penalties and interest. Following an administrative protest, the Division issued a final determination letter dated January 6, 2009 upholding the assessment. That final determination was appealed to the Tax Court. The Director thereafter moved for summary judgment.
N.J.S.A. 54:40A-8 imposed tax on the sale, use or possession for sale or use of cigarettes within New Jersey at the rate of $0.12 per cigarette from the beginning of the period covered by the assessment, April 1, 2005, through July 14, 2006, and at the rate of $0.12875 from July 15, 2006 through the remainder of the assessment period. See N.J.S.A. 54:40A-8, as amended by L. 2006, c. 37. Based on twenty cigarettes per pack and ten packs per carton (200 cigarettes), the Division correctly calculated the *359 cigarette tax for the period prior to July 15, 2006 as $24 per carton, and for the period from July 15, 2006 through March 31, 2007 as $25.75 per carton. As shown in the table, the Division added the total tax to the total invoiced price of the cigarettes purchased by Ms. Sogness to arrive at the amount subject to sales tax. Sales tax (or actually, use tax, as explained in more detail below), was calculated on the total of the price charged to Ms. Sogness by SmartSmoker plus the amount of the cigarette tax calculated by the Division.
The Division points out that:
The statutory plan [of the Cigarette Tax Act] imposes the tax at the top of the distribution chain through the sale to licensed distributors of tax stamps to be affixed by the distributor to each pack of cigarettes. N.J.S.A 54:40A-11. Stamped cigarettes sold by a licensed distributor to wholesale and retail dealers therefore include the cigarette tax in the sales price that is charged to those dealers and that is eventually passed on to the consumer.
[Kasot, Inc. v. Dir., Div. of Taxation, 24 N.J.Tax 588, 593 (Tax 2009) ].
Because cigarettes sold at retail in New Jersey include the cigarette tax in the sales price, the Division maintains that calculating the sales and use tax on the purchase price of the cigarettes plus the cigarette tax on mail order purchases of cigarettes from unlicensed out-of-state vendors puts Ms. Sogness and other similar purchasers in the same position as consumers who purchase cigarettes from retailers in New Jersey. The Division argues that to do otherwise would provide New Jersey purchasers with an incentive to purchase cigarettes from unlicensed out-of-state vendors.
The Sales and Use Tax Act imposes a tax on the receipts from every retail sale of tangible personal property. N.J.S.A. 54:32B-3(a). The Sales and Use Tax Act also imposes a compensating use tax for the use within New Jersey of any tangible personal property purchased at retail unless that property has already been or will be subject to the sales tax. N.J.S.A. 54:32B-6. The use tax is calculated on “the consideration given or contracted to be given for such property or for the use of such property.” Ibid. Prior to its amendment by L. 2006, c. 44, the Sales and Use Tax Act imposed both the sales tax and the use tax at the rate of 6%. *360 Effective July 15, 2006, the rate was increased to 7%. L. 2006, c. 44, §§ 2, 5,19, and 20.
The tax that was assessed against Ms. Sogness is a compensating use tax rather than a sales tax. “ ‘The use tax is a tax complimentary to the sales tax as an aid to its enforcement. It is a tax on possession and enjoyment of that which was purchased and for which no sales tax was paid.’ ” Boardwalk Regency Corp. v. Director, Div. of Taxation, 18 N.J.Tax 328, 334 (App.Div.1999) (quoting McGraw-Hill Inc. v. Div. of Taxation, 9 N.J.Tax 372, 382 (Tax 1987)). “[A] primary purpose of the [use] tax is to prevent the State from losing revenue when tangible personal property purchased out-of-state and therefore not subject to New Jersey sales tax is nonetheless used here to the same extent as is property purchased here for which New Jersey sales tax is paid.” Diamondhead Corp. v. Dir., Div. of Taxation, 4 N.J.Tax 255,258 (Tax 1982).
The Division is undoubtedly correct that some loss of sales and use tax revenue will result if the use tax is computed solely on the consideration given by Ms. Sogness to SmartSmoker, which consideration did not include the cigarette tax. It is inherent in the nature of the use tax that it may not be precisely the same amount as the sales tax collected on a New Jersey purchase of the same merchandise. It is always possible that the price charged by an out-of-state vendor will be lower than the price at which the same merchandise is available in New Jersey. However, the law does not provide that use tax is to be computed on the New Jersey price of the same merchandise that has been obtained out of state. Such a provision would be virtually impossible to administer.
The Sales and Use Tax Act clearly directs that the consideration given for the merchandise is the basis on which the tax is to be computed. N.J.S.A. 54:32B-6. The Division has not pointed to any statutory or other authority that would authorize the computation of the use tax assessed to Ms. Sogness by including the cigarette tax assessed by the Division in the consideration paid by Ms. Sogness for the cigarettes. While courts *361 generally give substantial deference to the interpretation that the Division gives to tax statutes, the Division “may not, under the guise of interpretation, extend a statute to give it a greater effect than its language permits.” GE Solid State, Inc. v. Dir., Div. of Taxation, 132 N.J. 298, 306, 625 A.2d 468 (1993). There is no ambiguity in N.J.S.A. 54:32B-6 regarding the computation of the use tax. “If the statute ‘is clear and unambiguous on its face and admits of only one interpretation, [courts should] delve no deeper than the act’s literal terms to divine the Legislature’s intent.’ ” Koch v. Dir., Div. of Taxation, 157 N.J. 1, 7, 722 A.2d 918 (1999) (citations omitted). In the absence of amending legislation providing for the inclusion of cigarette tax in the price on which use tax in computed on the out-of-state purchase of cigarettes from unlicensed vendors, the Division is limited to assessing use tax on only the purchase price.
The court therefore concludes that pursuant to N.J.S.A. 54:32B-6, use tax for the period April 1, 2005 through July 14, 2006 should properly have been assessed in the amount of $108.11 (6% of the $1,801.85 purchase price). For the period July 15, 2006 through March 31, 2007, the correct use tax was $6.93 (7% of the $98.97 purchase price). The total assessment of use tax is therefore corrected to $115.04. An order will be entered granting summary judgment to the defendant Director of the Division, affirming the Director’s assessment of cigarette tax and also affirming the assessment of sales and use tax in the corrected amount.

 Although the tax was assessed solely against Ms. Sogness, the complaint was filed by both Ms. Sogness and her husband.